Daniel GABLER, Plaintiff/Appellant,

v.

James F. McCOLL, Jr., Defendant/Respondent.

No. 61857.

Missouri Court of Appeals, Eastern District, Division Four.

June 1, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 1993.

Application to Transfer Denied Nov. 23, 1993.

Leonard P. Cervantes, Mario Silva, St. Louis, for plaintiff/appellant.

Russell F. Watters, T. Michael Ward, St. Louis, for defendant/respondent.

CARL R. GAERTNER, Judge.

Plaintiff, Daniel Gabler, appeals from an order dismissing his personal injury action for lack of subject matter jurisdiction. We affirm.

Plaintiff and defendant are employees of McGrath Machine Company, Inc. Defendant, James F. McColl, Jr., is president and a shareholder of McGrath Machine Co., Inc. Defendant and his wife are co-owners of the building which is where McGrath Machine Co. Inc., is located and where the accident occurred.

In 1975, defendant McColl engineered, designed, and built an elevator/dumbwaiter in the building. The dumbwaiter ran from the first floor of the building to the basement and was used to haul parts and equipment. On January 16, 1987 the dumbwaiter jammed. Plaintiff and a co-worker were attempting to unjam the dumbwaiter when it dropped and its cable broke, crushing plaintiff's left hand and arm and severing his left leg.

Plaintiff initially filed suit in the Circuit Court of St. Louis County but voluntarily dismissed that action. He refiled the present action in the Circuit Court of the City of St. Louis naming as defendants McColl and the manufacturers of the motors, cable and equipment used on the dumbwaiter. McColl filed a motion to dismiss and motions for summary judgment. The trial court granted defendant's motion to dismiss for lack of subject matter jurisdiction based upon the Workers' Compensation Law, §§ 287.010–.810 R.S.Mo. 1986. The other defendants were unaffected by the dismissal, which the court deemed final and appealable pursuant to Rule 74.01(b).

As an initial matter, defendant argues that we should treat the trial court's order as a grant of summary judgment. We disagree. A motion to dismiss for lack of subject matter jurisdiction is an appropriate means of raising the Workers' Compensation Law as a defense to a common law tort action. *Parmer v. Bean,* 636 S.W.2d 691, 695 (Mo.App.1982). Movant bears the burden of showing that the court is without jurisdiction by a preponderance of the evidence. *Id.* at 694. The court shall dismiss the action whenever it appears that the court lacks jurisdiction. Rule 55.27(g)(3). The question of whether there is subject matter jurisdiction is a question of fact left to the sound discretion of the trial judge. *Parmer,* at 694. Under Rules 55.27 and 55.28 the court may review affidavits, exhibits, and evidence on the question of jurisdiction. *Id.* at 696.

Defendant's motion to dismiss argued that plaintiff's cause of action came under the exclusive jurisdiction of the Workers' Compensation Law and left the trial court without subject matter jurisdiction to hear the tort claim. Section 287.120 RSMo. Supp.1992 provides in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. . . .

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

Thus, the Workers' Compensation Law supplants all common law rights of an employee if the act applies. *State ex rel. McDonnell Douglas v. Ryan,* 745 S.W.2d 152, 153 (Mo. banc 1988). An employee injured performing his work duties and sustaining his injuries because the workplace was unsafe has no common law suit against either the employer or the employer's agent, but is relegated to the benefits provided under the Workers' Compensation Law. *Biller v. Big John Tree Transplanter Mfg. & Truck Sales, Inc.,* 795 S.W.2d 630, 633 (Mo.App.1990). There is no question that plaintiff's injury falls under the Workers' Compensation Law.

However, Missouri courts have held that an injured employee may sue a co-employee if the co-employee's negligence directly caused the accident which resulted in a compensable injury. *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 177 (Mo.App.1982) (en banc). Supervisory and executive officers of corporations, such as defendant, are co-employees. *Id.* The *Badami* court held,

> ... a corporate officer or supervisory employee performs in a dual capacity. He has immunity under the workers' compensation law where his negligence is based upon a general non-delegable duty of the employer; he does not have immunity where he does an affirmative act causing or increasing the risk of injury. Something 'extra' is required upon a breach of his duty of general supervision and safety, for that duty is owed to the employer, not the employee.

*Id.* at 179. This court later defined the "something extra" required to impose tort liability to include "any affirmative act, taken while the officer is acting outside the scope of the employer's responsibility, that breaches a personal duty of care the officer owes to a fellow employee." *Craft v. Scaman,* 715 S.W.2d 531, 537 (Mo.App.1986). Therefore, a petition which charges a supervisory employee with the general failure to provide a reasonably safe workplace pleads no actionable negligence. *Badami,* 630 S.W.2d at 180. The extent and nature of the something extra necessary to impose tort liability can only be determined on a case-by-case basis. *Id.* at 180–81.

That something extra is not present in this case. Plaintiff's petition claims defendant carelessly and negligently designed, engineered, assembled, built, maintained and inspected the elevator/dumbwaiter. Defendant's alleged acts constitute a breach of his duty to provide plaintiff with a safe place to work.

In *Holland v. W.A.S.P., Inc.,* 833 S.W.2d 23, 24 (Mo.App.1992), plaintiff was injured when he was struck by a cargo container engineered by defendant co-employee. We upheld the dismissal for lack of subject matter jurisdiction because we found the plaintiff's allegation of defendant's engineering malpractice in failing to equip the cargo containers with safety devices was not the something extra required by *Badami.* Similarly, in *Baker v. Armco., Inc.,* 684 S.W.2d 81, 82 (Mo.App.1984), the court upheld the dismissal of plaintiff's tort claim for lack of subject matter jurisdiction. Plaintiff's decedent died when he was electrocuted while working with a machine designed and manufactured by defendant employer and used exclusively in employer's plant and not put into the stream of commerce. Plaintiff sought to recover in tort from defendant based on negligent design and manufacture of a defective product. The court held that plaintiff's decedent's recovery under the workers' compensation law precluded recovery in tort.

Missouri cases where the plaintiff was allowed to impose tort liability on a co-worker are inapplicable. In those cases, the co-worker was always present with the plaintiff and was performing an act or operating a piece of equipment which resulted in plaintiff's injury. *See, Tauchert v. Boatmen's National Bank of St. Louis,* 849 S.W.2d 573 (Mo. banc 1993) (co-worker negligently rigged a hoist to test an elevator with plaintiff); *Workman v. Vader,* 854 S.W.2d 560 (Mo.App. S.D.1993) (co-worker left empty boxes and packing material behind a counter where plaintiff was working); *Biller,* 795 S.W.2d at 632 (co-worker lowered stabilizer bar of truck onto plaintiff); *Craft,* 715 S.W.2d at 533 (co-worker negligently operated a machine which spooled fireworks fuse, causing fuse to ignite and burn plaintiff). Plaintiff has not alleged any particular act of negli-

gence on the part of the defendant which directly and immediately caused plaintiff's injury.

 In his second point plaintiff argues that he is entitled to sue defendant in tort in defendant's capacity of the owner and lessor of the premises where the accident occurred. In his first amended petition, plaintiff states "that at all times herein mentioned there was an elevator/dumbwaiter on the premises owned by defendant, James F. McColl, Jr., and occupied by McGrath Machine Company, Inc." However, plaintiff did not plead any allegations of premises liability and may not do so for the first time on appeal. Point denied.

The trial court's dismissal of the cause of action for lack of subject matter jurisdiction is affirmed.

CRANE and CRAHAN, JJ., concur.