Judith M. BURNS, Appellant,

v.

EMPLOYER HEALTH SERVICES, INC., et al., Respondents.

No. WD 55017.

Missouri Court of Appeals, Western District.

Sept. 29, 1998.

James G. Lindquist, Kansas City, for Appellant.

Robert P. Numrich, Norman I. Reichel, Jr., Kansas City, for Respondents.

Before SPINDEN, P.J., and ULRICH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Judith M. Burns appeals from the judgment of the circuit court dismissing her petition for medical malpractice against Gallagher Woodsmall, Inc., Lynn Wells–Brownell, and Barbara Jones, respondents, for lack of subject matter jurisdiction, the court having determined that exclusive jurisdiction was vested in the Workers' Compensation Division (the Division) as to the alleged negligent acts of the respondents.

The appellant asserts two points on appeal. In both points, she claims that the trial court erred in dismissing her petition for lack of subject matter jurisdiction because the alleged medical malpractice of the respondents did not fall within the exclusive jurisdiction of the Division in that the Workers' Compensation Law (WCL), Chapter 287,[1] did not apply. In Point I, she claims the WCL did not apply because, pursuant to § 287.120, the rights and remedies she sought with regard thereto were not provided for by the law. And, in Point II, she claims the WCL did not apply because under the law the respondents were "third persons," not employers or their agents, against whom a separate tort claim could be maintained.

We affirm.

## Facts

On or about February 4, 1994, the appellant fell at her place of employment, a Price Chopper grocery store, and injured her right

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

shoulder. On February 7, 1994, she was evaluated by an employee of Occupational Medicine Associates, a division of Employer Health Services, Inc., and diagnosed with a right shoulder strain. The appellant was subjected to physical therapy and work hardening regimens, and released to return to work. A later examination revealed that the appellant had a rotator cuff tear requiring surgery.

On August 23, 1996, the appellant filed a petition alleging medical malpractice against Employer Health Services, Inc., d/b/a Occupational Medicine Associates; M. Pourakbar, D.O.; John Doe and Mary Roe; Pamela S. Harris, M.D.; Gallagher Woodsmall, Inc., who provided case management on behalf of her employer; Barbara Jones, R.N., a contracted agent of Gallagher Woodsmall, Inc.; and, Lynn Wells–Brownell, an employee of Gallagher Woodsmall, Inc. She did not join her employer, Four–B Corporation d/b/a Price Chopper. The appellant alleged that Gallagher Woodsmall, Inc., and Wells–Brownell provided case management for Price Chopper and monitored and directed her medical treatment. She asserted that Gallagher Woodsmall, Inc., and its agents began monitoring and directing her medical treatment on or about February 7, 1994, and continued to monitor her treatment through July, 1995. Specifically, the appellant alleged that Gallagher Woodsmall, Inc., and its agents, including Barbara Jones and Lynn Wells–Brownell, were negligent in: (1) failing to refer her to an orthopedic surgeon; (2) placing her in a work hardening program; (3) returning her to work before her injury was properly diagnosed and treated; and, (4) failing to follow the prescriptions and orders of her treating physicians.

On March 25, 1997, Gallagher Woodsmall, Inc., and Wells–Brownell filed a motion and suggestions to dismiss the appellant's petition, claiming that the trial court lacked subject matter jurisdiction. On August 4, 1997, the trial court sustained the motion, finding that the Division had exclusive jurisdiction over the appellant's claims. On September 5, 1997, Jones filed a motion and suggestions to dismiss the appellant's petition claiming that the trial court lacked subject matter

jurisdiction. On September 8, 1997, the trial court sustained the motion. The trial court also found that the dismissals of Gallagher Woodsmall, Inc., Wells–Brownell, and Jones were final judgments for the purpose of appeal.

This appeal follows.

### Standard of Review

■ A motion to dismiss for lack of subject matter jurisdiction is the correct method to raise as a defense to a tort action the exclusive jurisdiction of the Division, as provided in Chapter 287. *State ex rel. McDonnell Douglas v. Ryan,* 745 S.W.2d 152, 153 (Mo. *banc* 1988). The trial court should grant such a motion when it appears by a preponderance of the evidence that the court lacks subject matter jurisdiction. *State ex rel. Rival Co. v. Gant,* 945 S.W.2d 475, 476 (Mo.App.1997) (citation omitted); Rule 55.27(g)(3). "As the term 'appears' suggests the quantum of proof is not high." *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo.App.1982). The movant bears the burden of showing that the trial court is without subject matter jurisdiction. *Gabler v. McColl,* 863 S.W.2d 340, 342 (Mo.App.1993). In determining whether a case comes under the provisions of the WCL, the trial court may consider affidavits, exhibits, and evidence pursuant to Rules 55.27 and 55.28. *Id.*

■ The determination of whether a case falls within the exclusive jurisdiction of the Division is a question of fact. *State ex rel. McDonnell Douglas,* 745 S.W.2d at 154. "When the court's jurisdiction turns on a factual determination the decision should be left to the sound discretion of the trial judge." *Parmer,* 636 S.W.2d at 694; *see Felling v. Wire Rope Corp.,* 854 S.W.2d 458, 461 (Mo.App.1993); *Gabler,* 863 S.W.2d at 342. Thus, our review, here, is for an abuse of discretion. "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Lohmann v. Norfolk & Western Ry. Co.,* 948 S.W.2d 659, 668 (Mo. App.1997) (*citing Anglim v. Missouri Pac. R.R.,* 832 S.W.2d 298, 303 (Mo. *banc* 1992),

*cert. denied,* 506 U.S. 1041, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992)).

## Discussion

There is no dispute between the parties that the appellant injured her shoulder while working at the grocery store where she was employed by Four–B Corporation d/b/a Price Chopper. Further, there is no dispute as to the fact that the WCL applied to this injury and that it fell under the exclusive jurisdiction of the Division. The dispute centers around whether the facts alleged in appellant's petition for medical malpractice demonstrated that the WCL did not apply to the alleged negligent, post-accident "medical treatment" by the respondents of the appellant's work-related injury, placing her claim outside the Division's exclusive jurisdiction and requiring the trial court to overrule the respondents' motions to dismiss for lack of subject matter jurisdiction. Thus, the issue for us to decide is whether, based on the facts alleged in the appellant's petition, the WCL applied to the claimed medical malpractice of the respondents in treating the appellant's work-related injury, vesting exclusive jurisdiction in the Division and depriving the trial court of subject matter jurisdiction over her claim against the respondents.

Section 287.120 governs the determination of when an injury falls under the WCL, resulting in the Division having exclusive jurisdiction. In this respect, the WCL is wholly substitutional in character and works to deprive an employee of his or her tort claim against an employer and its agents, assuming that the law applies. *Felts v. Ford Motor Co.,* 916 S.W.2d 798, 801 (Mo.App.1995) (*citing Killian v. J & J Installers, Inc.,* 802 S.W.2d 158, 160 (Mo. *banc* 1991) (*quoting Jones v. Jay Truck Driver Training Ctr., Inc.,* 709 S.W.2d 114, 115 (Mo. *banc* 1986))). As to when the WCL applies, § 287.120 states, in pertinent part, as follows:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever....

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

Relying on her interpretation of § 287.120, the appellant claims the WCL did not apply to the alleged negligent acts of the respondents in two respects. She claims in Point I that the WCL did not apply because the rights and remedies she sought in her dismissed suit were not provided for by the law in that the rights and remedies she sought were for a "separate and additional injury" sustained as a result of the combined medical negligence of her treating physicians and the respondents which did not arise out of and in the course of her employment. In Point II she claims that the trial court erred in dismissing her petition because her medical malpractice suit was not against her employer or its agents, but "third persons," who were not protected from civil liability under § 287.150.

## I.

■ In Point I, as stated, *supra,* the appellant claims that the trial court erred in dismissing her petition for medical malpractice against the respondents for lack of subject matter jurisdiction because the Division did not have exclusive jurisdiction over her claim against the respondents in that the rights and remedies she sought for the alleged negligent acts of the respondents were not provided for by the WCL in that the rights and remedies she sought were for a "separate and additional injury" sustained as a result of the combined medical negligence of her treating physicians and the respondents which did not arise out of and in the course of her employment. In making this claim, the appellant relies on the language in § 287.120.2 that the rights and remedies provided for by the WCL are exclusive except as to "such rights and remedies as are not provided for by this chapter." In her peti-

tion for medical malpractice, the appellant generally alleged that the respondents were negligent in that they directed her medical treatment in an inappropriate manner and in contravention of the treatment prescribed by her treating physician resulting in a separate and additional injury from her initial shoulder injury. Thus, in this point, in determining whether the appellant's petition for medical malpractice stated a cause of action for medical malpractice which fell outside the exclusive jurisdiction of the Division and should have survived the respondents' motions to dismiss for a lack of subject matter jurisdiction, we must determine whether the WCL provided relief for the appellant's alleged medical malpractice injury, which she contends was new and separate from her work-related injury. *Wiley v. Shank & Flattery, Inc.,* 848 S.W.2d 2, 4 (Mo.App.1992); *Felts,* 916 S.W.2d at 801.

■ It is well settled in the law that the post-accident determination as to what "type" or "sort of" medical care that is required to be provided by an employer under the WCL to an employee injured on the job, as being reasonable under the circumstances, is within the exclusive province of the Division. *Felts,* 916 S.W.2d at 801 (*citing State ex rel. Standard Register Co. v. Mummert,* 880 S.W.2d 925, 926 (Mo.App.1994)). In *Felts,* the plaintiff claimed, *inter alia,* as does the appellant here, that his employer interfered with medical treatment for his work-related injuries by refusing to refer him to a particular physician, resulting in separate and new injuries not compensable under the WCL. This court, in rejecting the plaintiff's argument, first noted that § 287.140 required an employer to provide medical treatment as may be reasonably required to cure the injury to the employee, then held that the denominated "new" injuries of which he complained *arose out of his employment and were within the exclusive jurisdiction of the Division. Felts,* 916 S.W.2d at 802.

We fail to see how the case at bar can be distinguished in any meaningful way from *Felts.* The appellant alleged in her medical malpractice petition that the respondents, who were not physicians, were negligent in the following respects: "a) Failing to refer

[appellant] to an orthopedic surgeon; b) Placing [appellant] in a work hardening program; c) Returning [appellant] to work before her injury was properly diagnosed and treated and; e) [*sic*] Failing to follow the prescriptions and orders of [appellant's] treating physicians." As such, she did nothing more than challenge the "type" or "sort of" medical care that the respondents, in the course of carrying out the employer's duty under the WCL, deemed was reasonable for her workers' compensation injury. As such, she challenged only the determinations of the respondents as to what "type" or "sort of" medical care or treatment she reasonably should have received for her work-related injury. Thus, the appellant's claim of negligent medical treatment against them, as alleged in her petition, fell under the exclusive jurisdiction of the Division, *id.,* depriving the trial court of subject matter jurisdiction and requiring it to dismiss the petition for medical malpractice.

In claiming that her petition alleged a submissible case of medical malpractice against the respondents which fell outside the exclusive jurisdiction of the Division, the appellant relies on *Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180, 184 (Mo.App.1982). Her reliance is misplaced.

In *Gramlich,* the Eastern District of this court reversed a *Missouri* trial court's dismissal of the plaintiffs' petition for malpractice against Travelers Insurance Company, which was the workers' compensation insurer for the employer of the deceased employee. The petition was dismissed for lack of subject matter jurisdiction due to the application of the *Illinois* Workmen's Compensation Act (WCA), vesting exclusive jurisdiction over the plaintiffs' claim in the *Illinois* Division of Workmen's Compensation. *Id.* at 183. The Eastern District, in reversing, relied on the fact that it could not conclude from the petition itself, without speculating, whether the injury in question occurred in Illinois, rendering it subject to the Illinois WCA. As such, the court held that the plaintiffs had stated a cause of action for malpractice against Travelers in Missouri. It is apparent from a careful reading of *Gramlich* that the result would have been different if it could

have been determined from the petition, without speculating, that the injury in question occurred in Illinois, placing it under the exclusive jurisdiction of the Illinois Division of Workmen's Compensation. As such, we do not read *Gramlich* as holding contrary to our decision in *Felts*, but conclude that it is factually distinguishable from the case at bar.

Point denied.

Although the appellant could not maintain a medical malpractice action against the respondents based on her claim that the WCL did not provide a remedy for her "new injuries" because they did not arise out of her employment, we must next address whether she may maintain such an action on her claim that the respondents are "third parties" who are not protected against civil liability by Missouri's WCL.

## II.

In Point II, the appellant claims that the trial court erred in dismissing her petition for medical malpractice for lack of subject matter jurisdiction because the respondents are "third persons" under § 287.150 of the WCL against whom separate tort claims may be brought in that they were not her employer or its insurer or agents. There is no dispute that the respondents were not the appellant's employer or her employer's insurer. However, the respondents contend that in directing the treatment of the appellant's injury, as alleged in the appellant's medical malpractice petition, they were only acting as the employer's agents in discharging its duty to provide medical care for the appellant's work-related injury as required by the WCL, placing their alleged acts of negligence under the exclusive jurisdiction of the Division. Thus, the issue we must decide is whether the facts alleged in the appellant's petition would be sufficient to classify the respondents as third persons against whom a medical malpractice action could be maintained separate and apart from a Workers' Compensation claim.

"As relates to the limitations on civil actions for job related injuries covered by worker's compensation laws, such immunity from civil suit is available only to the employer and to the employer's agents acting to discharge some duty owed by the employer." *Biller v. Big John Tree Transplanter Mfg.*, 795 S.W.2d 630, 633 (Mo.App.1990). This immunity "depends on a factual matrix involving a duty owed to the employee by the employer," under the WCL. *Id.* Civil liability for negligence or nonfeasance is allowed when an employer's agent "steps out of his role as an agent acting for the employer" in discharge of such a duty and "assumes ... a different relationship" with the employee. *Id.* As discussed, *supra*, with respect to the WCL, an employer owes a duty to an employee to furnish medical treatment to cure or relieve the effects of a work-related injury. *State ex rel. Rival Co.*, 945 S.W.2d at 477.

Here, in relevant portions of her medical malpractice petition, the appellant alleged that:

12. Defendant Gallagher Woodsmall, Inc., its agents and employees are in the business of case management on behalf of employers and employers' insurers for injured employees and actively directed and monitored treatment to plaintiff.

13. Defendant Barbara Jones and Lynn Wells–Brownell are agents and employees of Gallagher Woodsmall, Inc. and, at all times pertinent hereto, were in the course and scope of their agency and employment with defendant Gallagher Woodsmall, Inc., and defendants Gallagher Woodsmall, Inc., Jones and Wells–Brownell had a duty to monitor plaintiff's progress, to direct her treatment and follow the instructions and orders of plaintiff's treating physicians.

14. Defendant Gallagher Woodsmall, Inc., its agents and employees began monitoring and directing plaintiff's medical treatment on or about February 7, 1994 and continued to monitor and direct her treatment through July of 1995.

15. Defendant Gallagher Woodsmall, Inc., and its agents and employees, including but not limited to Barbara Jones and Lynn Wells–Brownell provided case management for Price Chopper and monitored and directed plaintiff's medical treatment.

16. Defendants, and each of them, were negligent in their care and treatment of plaintiff in the following specific respects.
. . .

20. Defendant Gallagher Woodsmall, Inc., its agents and employees including but not limited to Barbara Jones and Lynn Wells–Brownell were negligent in the following respects:

 a) Failing to refer [appellant] to an orthopedic surgeon;

 b) Placing [appellant] in a work hardening program;

 c) Returning [appellant] to work before her injury was properly diagnosed and treated and;

 e) [sic] Failing to follow the prescriptions and orders of [appellant's] treating physicians.

Based on these allegations, we are left with the inescapable conclusion that the respondents alleged negligent acts were done in pursuit of discharging the appellant's employer's duty to her to provide her reasonable and proper medical treatment and care for her job-related injury. Biller, 795 S.W.2d at 633; State ex rel. Rival Co., 945 S.W.2d at 477. She did not allege the "something extra" that would have placed the respondents' alleged negligent acts outside their discharging of the employer's duty to the appellant to provide her with reasonable and proper medical treatment and care for her work-related injury, subjecting them to separate civil liability. Felling v. Ritter, 876 S.W.2d 2, 5 (Mo.App.1994). As such, taking as true the negligent acts of the respondents as alleged in the appellant's petition, the respondents were at all times acting as agents for the appellant's employer in the discharge of its duty to the appellant and, under the WCL, were immune from separate tort liability.

The appellant argues that even if the respondents in some respect were acting as agents for her employer in discharging its WCL duty to her to provide medical treatment and care for her work-related injury, they were also acting outside this capacity, subjecting them to separate tort liability under the "dual-capacity doctrine," citing Hedglin v. Stahl Specialty Co., 903 S.W.2d 922 (Mo.App.1995). We disagree.

The leading case recognizing the dual-capacity doctrine is Duprey v. Shane, 39 Cal.2d 781, 249 P.2d 8 (banc 1952). The Duprey court recognized that, for purposes of determining the exclusivity of workers' compensation, an individual could be functioning in two capacities, one in discharge of an employer's workers' compensation duty and the other being unrelated to any such duty, which would subject him or her to separate civil liability. The Hedglin court first recognized that the doctrine had not theretofore been adopted in this state and then refused to adopt it in the case at bar, stating that it was not a proper case for considering adopting the doctrine. Hedglin, 903 S.W.2d at 926. The same would hold true here.

As stated in Guy v. Arthur H. Thomas Company, 55 Ohio St.2d 183, 378 N.E.2d 488 (1978), in which the Supreme Court of Ohio adopted the doctrine in Ohio, "[T]he decisive test of dual-capacity is not with how separate the employer's second function is from the first, but whether the second function generates obligations unrelated to those flowing from the first, that of an employer." Id. at 491. The negligent acts of the respondents alleged by the appellant, as stated, supra, were, without question, related to the respondents' function in discharging the employer's WCL duty to provide reasonable and proper medical treatment and care for the appellant's work-related injury. As such, even if the "dual-capacity doctrine" was recognized in this state, and it is not, this case would not fall under the doctrine.

Point denied.

## Conclusion

The judgment of the circuit court dismissing the appellant's petition against the respondents for medical malpractice for lack of subject matter jurisdiction is affirmed.

All concur.