Sylvester MURRY, Appellant,

v.

MERCANTILE BANK, N.A., and Anthony Deanes, Respondents.

No. ED 77506.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 14, 2000.

Rehearing Denied Dec. 21, 2000.

Fred Roth, St. Louis, for appellant.

Jeffrey K. Suess, Douglas S. Teasdale, James D. O'Leary, St. Louis, for respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Sylvester Murry ("Murry") appeals from the trial court's dismissal for lack of subject matter jurisdiction of his claim against Mercantile Bank, N.A. ("Mercantile"), and Anthony Deanes ("Deanes"), an employee of Mercantile (collectively referred to as "Respondents"). The trial court dismissed Murry's claims for lack of subject matter

jurisdiction, finding the worker to be a statutory employee of Mercantile. Because we find Murry was not a statutory employee of Mercantile and that Deanes is not immune from a common law action, we reverse and remand.

Murry was an employee of Clean–Tech Company ("Clean–Tech"). Clean–Tech provided maintenance services to Mercantile pursuant to a contract. Clean–Tech assigned Murry to work at Mercantile with the duties of cleaning inside and outside the building, maintaining the sidewalks, washing windows, trash removal, delivering cash to tellers, and other various tasks. Murry worked at Mercantile for two and a half years, until on November 10, 1993, Murry injured his back while attempting to lift a 5,000 lb. safe at the direction of his supervisor, Deanes. Murry filed a workers' compensation claim against Clean–Tech, which subsequently settled.

Thereafter, Murry filed an action for negligence against Respondents claiming they breached their duty to him by willfully exposing him to a known danger requiring him to lift a 5,000 lb. safe and displaying conscious disregard for his safety. Thereafter, Respondents filed a motion to dismiss for lack of subject matter jurisdiction alleging Murry's exclusive remedy was pursuant to Missouri Workers' Compensation Law. The trial court granted Respondents' motion to dismiss finding Murry to be a statutory employee of Mercantile and, thus, resting subject matter jurisdiction exclusively with the Labor and Industrial Relations Commission pursuant to the Missouri Workers' Compensation Law. This appeal follows.

■ A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise a workers' compensation exclusivity defense. *James v. Union Elec. Co.*, 978 S.W.2d 372, 374 (Mo.App. E.D. 1998). The motion to dismiss should be granted where it appears, by a preponderance of the evidence, that the trial court

lacks subject matter jurisdiction because of workers' compensation exclusivity. *Id.* The burden of proof rests on the party alleging that jurisdiction is lacking, but a high quantity of proof is not required. *Id.* The party raising the defense must show by a preponderance of the evidence that the court lacks jurisdiction. *Id.* Additionally, liberal construction of the workers' compensation law requires that where a question of jurisdiction is in doubt, it should be held to be in favor of the Labor and Industrial Relations Commission. *Id.*

■ In determining whether it has jurisdiction, the trial court may consider affidavits, exhibits, and evidence pursuant to Rules 55.27 and 55.28. *Burns v. Employer Health Serv., Inc.*, 976 S.W.2d 639, 641 (Mo.App. W.D.1998). The determination of whether a case falls within the Labor and Industrial Relations Commission's exclusive jurisdiction is a question of fact. *Id.* When a court's jurisdiction depends on a factual determination, the decision should be left to the sound discretion of the trial court. *Id.* Thus, we review for an abuse of discretion. *Id.* The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is "so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Id.*

As to Murry's claim against Mercantile, the dispositive issue is whether Murry worked as a statutory employee of Mercantile under Section 287.040, RSMo 1994.[1]

Section 287.040.1 identifies those individuals who are considered statutory employees entitled to protection under the workers' compensation law. Section 287.040.1 defines a statutory employer as:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor,

1. All further statutory references are to RSMo   1994 unless otherwise indicated.

his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

As the statute makes clear, statutory employment exists when three elements coexist: (1) the work must be performed pursuant to a contract; (2) the injury must occur on or about the premises of the statutory employer; and (3) the work being performed is the usual business of the statutory employer. *Bass v. National Super Markets, Inc.,* 911 S.W.2d 617, 619–20 (Mo.1995).

The second element is not at issue in this case; it is not disputed that the injury occurred on Mercantile's premises. It is disputed whether Murry was performing duties pursuant to the contract between his employer, Clean–Tech and Mercantile. However, we will focus on the third element—whether moving the safe was within the usual course of Mercantile's business—because it is dispositive. Murry contends that the work of moving a 5,000 lb. safe was not within Mercantile's usual business. Mercantile argues that moving the safe was within the usual course of its business.

In *Bass,* our Supreme Court adopted a test to determine whether work is within the usual business of the putative employer. *Bass,* 911 S.W.2d at 621. The Court defined "usual business" as used in Section 287.040 as:

those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement.

*Id.* Applying this definition to the facts of the case at bar, we find that the work being performed in lifting the safe was not part of Mercantile's usual business.

In finding Murry to be a statutory employee of Mercantile, the trial court found that, "Deanes stated at the deposition that he and his crew had moved heavy items such as safes on prior occasions and indicated that tasks involving heavy lifting were regular and necessary." Our review of the record and Deanes's deposition testimony, however, reveals that there is no evidence to support a finding that safes were moved regularly. In his deposition, Deanes stated that safes were not routinely moved. When asked about the sizes of the various safes at the bank, Deanes replied, "[m]ost safes were pretty much permanent fixtures. You know, it was maybe a few that were on wheels or something; but again, we just didn't get into moving heavy items like that. It was up to the department head to get an outside company to move anything over our weight limit. . . . ." Deanes stated repeatedly that, "we didn't get into moving safes." When asked how many times Deanes may have been involved in moving a safe, he responded, "[m]aybe once or twice." According to Deanes's deposition testimony, moving safes was not routinely done on a frequent and regular schedule. Therefore, we cannot say that moving a safe was within Mercantile's usual business. Thus, the trial court abused its discretion in finding Murry to be a statutory employee.

As to Murry's cause of action against Deanes, Murry contends he alleged an affirmative act of negligence against his co-employee, Deanes, that went beyond a supervisor's duty to provide a safe workplace. In his petition, Murry alleged that by demanding Murry move the 5,000 lb. safe under threat of being fired, Deanes did "something more" and, therefore, may be held personally liable for Murry's injuries.

We have extended an employer's immunity from a common-law liability granted under Missouri Workers' Compensation Law to a supervisor/co-employee

when the supervisor/co-employee is chosen to implement the employer's non-delegable duty to provide a reasonably safe workplace and is charged with the failure to fulfill that duty. *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 180 (Mo.App. E.D.1982). Thus, an injured employee's exclusive remedy for a supervisor's failure to discharge this duty lies with the Workers' Compensation Act, and the supervisor/co-employee is immune from personal liability. *Id.* However, where an injured employee charges a supervisor/co-employee chosen to implement the employer's duty to provide a reasonably safe work environment with "something more" than simply a failure to fulfill that duty, the supervisor/co-employee may be held to be personally liable under Section 287.150.[2] *Id.* The petition must allege "something more" and the "something more" required to impose liability includes any affirmative act, taken while the supervisor/co-employee is acting outside the scope of the employer's responsibility, that breaches a personal duty of care the supervisor/co-employee owes a fellow employee. *Gabler v. McColl,* 863 S.W.2d 340, 343 (Mo.App. E.D.1993); *Tauchert v. Boatmen's Nat. Bank of St. Louis,* 849 S.W.2d 573, 574 (Mo.1993).

■ Here, Deanes allegedly ordered Murry to help him move a 5,000 lb. safe under threat of being fired. Deanes's order was an affirmative act that breached a personal duty of care to Murry as a supervisor/co-employee because such a request increased a fellow employee's risk of injury and went outside the scope of the employer's duty to provide a safe work place. Thus, Deanes was personally involved in an action that was "something more" than a failure to provide a safe workplace. Thus, Deanes is not entitled to immunity from common-law liability and the trial

2. Section 287.150 provides in part that, "[w]here a third person is liable to the employee ... for the injury ... the employer shall be subrogated to the right of the employee ... against such third person...." A co-

court abused its discretion in finding Deanes immune as a supervisor.

The judgment of dismissal is reversed and the case is remanded to the trial court for further proceedings.

MARY RHODES RUSSELL and RICHARD B. TEITELMAN, JJ., concur.

employee is a "third person" within the meaning of section 287.150, and may be sued by an injured co-employee for negligence resulting in the compensable injury. *Badami,* 630 S.W.2d at 177.