Anthony ROMERO, Appellant,

v.

KANSAS CITY STATION
CORPORATION,
Respondent.

No. WD 61192.

Missouri Court of Appeals,
Western District.

March 4, 2003.

Phillip S. Smith, Kansas City, MO, for Appellant.

Robert W. Tormohlen and Amy N. Loth, Kansas City, MO, for Respondent.

Before EDWIN H. SMITH, P.J., and SMART and HARDWICK, JJ.

EDWIN H. SMITH, Presiding Judge.

Anthony Romero appeals from the summary judgment of the Circuit Court of Clay County for the respondent, Kansas City Station Corporation, on the appellant's negligence claim for damages for personal injuries he allegedly sustained as a result of a slip and fall at the respondent's casino complex while he was employed as a route driver and deliveryman for Excel Linen Service (Excel). Summary judgment was sought by the respondent and granted by the trial court on the basis that the court lacked subject matter jurisdiction over the appellant's claim in that, in accordance with § 287.040.1,[1] the appellant was deemed a statutory employee of the respondent, and, therefore, his only recovery for his injuries was under the Missouri's Workers' Compensation Law (WCL), Chapter 287, vesting exclusive jurisdiction over the appellant's claim in the Industrial and Labor Relations Commission (Commission).

The appellant raises two points on appeal. In Point I, he claims that the trial court erred in granting summary judgment to the respondent on the appellant's claim for damages for personal injuries, based on its conclusion that the court lacked subject matter jurisdiction, which conclusion was based on the court's factual finding that the appellant was a statutory employee of the respondent, under § 287.040.1, vesting exclusive jurisdiction of the appellant's claim in the Commission, because the court's finding that the appel-

lant was a statutory employee of the respondent was not supported by the undisputed facts alleged in the respondent's motion. In Point II, he claims that the trial court erred in failing to grant him a continuance on the respondent's motion for summary judgment to allow him additional time for discovery, as provided in Rule 74.04(c)(2),[2] because the appellant did not have sufficient time to conduct the discovery necessary to adequately respond to the issues required to be decided in ruling on the respondent's motion for summary judgment.

We reverse and remand.

### Facts

On the day he was injured, the appellant was employed by Excel as a route driver and deliveryman. At the time, Excel was a party to a rental agreement with the respondent, pursuant to which Excel provided and laundered linens required by the hotel, restaurants, and other facilities located in the Station Casino complex, owned by the respondent. The appellant's duties included delivering and unloading clean linens to the restaurants and hotel located in the complex, as well as picking up dirty linens and delivering them to Excel's facilities for cleaning. The hotel and restaurants at the casino complex constituted the appellant's only route as a driver and deliveryman, requiring two to three trips a day to the complex, six days a week.

On the morning of March 31, 1998, the appellant made a stop at Pancho Villa's, one of the restaurants in the casino complex, to change out the linens. He loaded up a gondola with dirty linens and pushed it out through the swinging doors leading

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Civil Procedure (2002), unless otherwise indicated.

into a hallway shared by Pancho Villa's and the other restaurants in the complex. Once in the hallway, he slipped and fell in a pool of grease, severely injuring his right knee. The injury required two surgeries, causing the appellant to miss 127 days of work and ultimately leading to his termination by Excel.

The appellant filed a Workers' Compensation claim for the knee injury he sustained in the fall at the casino complex and eventually received $22,000 in benefits. On May 12, 2000, after he had been terminated by Excel, the appellant filed a petition in the Circuit Court of Clay County for damages against the respondent, alleging that he was injured and damaged as a result of the respondent's negligence. On October 19, 2001, the respondent filed a motion for summary judgment on the ground that the trial court lacked subject matter jurisdiction over the appellant's claim because he was a statutory employee of the respondent at the time of the accident, and, therefore, his recovery was limited to relief under the WCL, vesting exclusive jurisdiction in the Commission over the appellant's claim.

On February 19, 2002, the trial court entered summary judgment on behalf of the respondent, finding that "plaintiff was a 'statutory employee' of [respondent]; that his claim is one covered by the Worker's Compensation Act, and that this court lacks subject matter jurisdiction. [Respondent's] Motion for Summary Judgment is, therefore, granted."

This appeal followed.

## I.

In Point I, the appellant claims that the trial court erred in granting summary judgment to the respondent on the appellant's claim for damages for personal injuries, based on its conclusion that the court lacked subject matter jurisdiction, which conclusion was based on the court's factual finding that the appellant was a statutory employee of the respondent, under § 287.040.1, vesting exclusive jurisdiction of the appellant's claim in the Commission, because the court's finding that the appellant was a statutory employee of the respondent was not supported by the undisputed facts alleged in the respondent's motion. Specifically, the appellant claims that the facts alleged in the respondent's motion did not conclusively establish that the appellant's duties as a route driver and deliveryman for his employer, Excel, was work done in the usual course of business of the respondent.

## A. Standard of Review

As to our standard of review of the appellant's claim of error in this point, he contends that despite the designation by the respondent of its motion as one for summary judgment and the trial court's express grant of summary judgment thereon, it is unclear whether his claim should be reviewed in that context or in the context of a motion to dismiss, citing a conflict in that regard between a decision of the Eastern District, *Parmer v. Bean*, 636 S.W.2d 691, 696 (Mo.App.1982), and a decision of this court, *Schneider v. Union Elec. Co.*, 805 S.W.2d 222, 225 (Mo.App.1991). In support of his contention, the appellant asserts that *Parmer* holds that in a tort action in the circuit court, a defense motion for summary judgment for a lack of subject matter jurisdiction, based on an allegation that the plaintiff is a statutory employee such that his or her claim falls within the exclusive jurisdiction of the Commission, is properly treated as a motion to dismiss for a lack of subject matter jurisdiction, pursuant to Rule 55.27(a)(1). To the contrary, the appellant asserts that *Schneider* holds that the Workers' Compensation defense to a common law action

in tort is not a matter of subject matter jurisdiction in the "strict and narrow pristine sense" and, therefore, has to be raised as an affirmative defense in the defendant's responsive pleadings, as provided in Rule 55.08, or is waived. 805 S.W.2d at 225.

■ To resolve the issue of our standard of review, we first turn to Rule 55.27, dealing with how defenses, including the defense of lack of subject matter jurisdiction, are to be presented. Rule 55.27 provides, in pertinent part:

(a) **How Presented.** Every defense, in law or fact, to a claim in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1) Lack of jurisdiction over the subject matter,

(2) Lack of jurisdiction over the person,

(3) That plaintiff does not have legal capacity to sue,

(4) Insufficiency of process,

(5) Insufficiency of service of process,

(6) Failure to state a claim upon which relief can be granted,

(7) Failure to join a party under Rule 52.04,

(8) That plaintiff should furnish security for costs,

(9) That there is another action pending between the same parties for the same cause in this state,

(10) That several claims have been improperly united,

(11) That the counterclaim or cross-claim is one which cannot be properly interposed in this action.

Giving the language of this rule its plain and ordinary meaning, *see In re A.S.O.,* 75 S.W.3d 905, 910 (Mo.App.2002) (stating that, in interpreting Supreme Court Rules, we are to ascertain the intent of the Court, giving the words used their plain and ordinary meaning), at the option of the pleader, any of the eleven defenses enumerated in Rule 55.27 may be raised by way of responsive pleading or motion. *See State ex rel. Metal Serv. Ctr. v. Gaertner,* 677 S.W.2d 325, 327 (Mo. *banc* 1984) (stating that the defenses enumerated in Rule 55.27 may be raised by answer or by motion at the option of the pleader). Thus, the language of the rule would clearly suggest that a Rule 55.27 defense, including lack of subject matter jurisdiction, may be raised as an affirmative defense in a responsive pleading. However, unlike an affirmative defense that does not fall within Rule 55.27, the defense of subject matter jurisdiction is not waived if not pled, but may be raised at any time by motion, including for the first time on appeal. *Sola v. Bidwell,* 980 S.W.2d 60, 66 (Mo. App.1998).

■ If the defense of lack of subject matter jurisdiction is raised by way of a motion to dismiss, Rule 55.27(g)(3) provides that the circuit court shall dismiss the action "[w]henever it appears *by suggestion of the parties or otherwise* that the court lacks jurisdiction of the subject matter." (Emphasis added.) *State ex rel. McDonnell Douglas Corp. v. Ryan,* 745 S.W.2d 152, 153 (Mo. *banc* 1988). Thus, in the context of a motion to dismiss, the question of whether the circuit court has subject matter jurisdiction is a question of fact for the trial court to decide based not only on facts appearing of record, but facts adduced by affidavits of the parties, oral testimony and depositions. Rule 55.28; *Burns v. Employer Health Servs., Inc.,* 976 S.W.2d 639, 641 (Mo.App.1998); *Gabler v. McColl,* 863 S.W.2d 340, 342 (Mo.

App.1993); *Parmer*, 636 S.W.2d at 696. As the term "appears" in Rule 55.27(g)(3) suggests, the quantum of proof for prevailing on a motion to dismiss for lack of subject matter jurisdiction is not high; it must only appear by a preponderance of the evidence that the court is without jurisdiction. *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. *banc* 2002).

With respect to the appellant's contention that *Parmer* stands for the proposition that "a motion for summary judgment asserting that an employer was immune from liability in tort because it was a statutory employer of the injured plaintiff under § 287.040.1 should be treated as a motion to dismiss for lack of subject matter jurisdiction," we note that the Eastern District in *Parmer* did hold that "regardless of the manner in which the applicability of the Workmen's Compensation Law is raised as a defense to a common law cause of action, the trial judge must *initially* treat it as a motion to dismiss for lack of subject matter jurisdiction," as contemplated by Rule 55.27(a)(1). 636 S.W.2d at 696 (emphasis added). That language would seem to support the appellant's contention. However, the appellant fails to point out and discuss that the court also held that "the movant may raise lack of subject matter jurisdiction *subsequently* in a motion for summary judgment." *Id.* at 695–96 (emphasis added).

█ We are not sure what the *Parmer* court was trying to say in holding that a motion for summary judgment based on the Workers' Compensation defense was to be treated "initially" as a motion to dismiss for lack of subject matter jurisdiction, but that the movant could raise that defense in a "subsequent" motion for summary judgment. Assuming the movant prevailed on a motion to dismiss for lack of subject matter jurisdiction, there would be no need to file a subsequent motion for summary judgment based on that defense. And, if the movant did not prevail on such a motion to dismiss, which, as we discuss, *infra*, requires the trial court, in deciding its subject matter jurisdiction, to make factual determinations and in doing so permits it to conduct an evidentiary hearing in which it can consider disputed evidence, what chance would the movant have to prevail on a motion for summary judgment for lack of subject matter jurisdiction, which would require undisputed evidence to prevail under the summary judgment rule, Rule 74.04? The only sense we can make of the summary judgment language in *Parmer* is that the court was recognizing that the Workers' Compensation defense, as a matter of subject matter jurisdiction, can be raised at any time by responsive pleading or in the alternative by motion, including a motion denominated one for summary judgment, but, regardless of how raised, will be treated as if it were raised by a motion to dismiss, under Rule 55.27.

The approach we attribute to *Parmer* is logical given the Rule 55.27 dismissal procedure discussed, *supra*. As noted, subject matter jurisdiction, under Rule 55.27(a)(1), is a question of fact for the trial court, requiring the court to consider and weigh the evidence, including disputed evidence, in deciding whether facts exist supporting subject matter jurisdiction. On the other hand, the summary judgment procedure does not allow the trial court to consider disputed evidence. As the *Parmer* court stated:

It is apparent that a motion for summary judgment and a motion to dismiss for lack of subject matter jurisdiction are quite different. Summary judgment purports to be a judgment on the merits with res judicata effects between the parties in which the movant has extremely high burden of proof. A motion

to dismiss for lack of subject matter jurisdiction is a preliminary question of the court's power to act which is not a decision on the merits with res judicata effect, and in which the movant has a lower burden of proof.

*Id.* at 695. While Rule 55.27 clearly allows the issue of subject matter jurisdiction to be *raised* at any time by responsive pleading or motion, including a motion for summary judgment, it makes no sense to allow *resolution* of that issue in two distinct contexts of proof—in a motion to dismiss and a motion for summary judgment. Thus, to avoid this proof dilemma, while staying true to the provision of Rule 55.27 authorizing lack of subject matter jurisdiction to be raised by motion at any time, the solution is to allow the defense to be raised in a motion of any denomination at any time, but that, regardless of the denomination, the motion will be treated as a motion to dismiss.

Besides being a logical approach, the self-styled *Parmer* approach is consistent with the language of *McDonnell Douglas* and other appellate decisions indicating that the "proper" or "correct" method for raising the Workers' Compensation defense as a matter of subject matter jurisdiction is by a motion to dismiss. *McDonnell Douglas,* 745 S.W.2d at 153; *Burns,* 976 S.W.2d at 641; *Gabler,* 863 S.W.2d at 342; *Parmer,* 636 S.W.2d at 695–96. At first blush, that language would seem to suggest that there exists an exclusive manner in which to *raise* the defense of subject matter jurisdiction based on the Worker's Compensation defense. However, such an interpretation clearly flies in the face of the express language of Rule 55.27 that the defense can be raised in the responsive pleadings or by a motion at any time, with no restriction in the rule as to the type of motion. Thus, we can only infer that what the Supreme Court was saying in *McDonnell Douglas,* relying on *Parmer,* and the

Court of Appeals was saying in the other cases cited, when referring to a motion to dismiss as being the "proper" or "correct" method to raise the defense, was that the proper or correct manner in reviewing a motion raising that defense, regardless of its denomination, is to treat it as a motion to dismiss.

Having addressed *Parmer,* we now turn to the appellant's contention that *Schneider v. Union Elec. Co.,* decided by this court, stands for the proposition that the Workers' Compensation defense must be raised as an affirmative defense or is waived in that it does not invoke subject matter jurisdiction in the strict sense of Rule 55.27(a)(1). In *Schneider,* the defendant claimed for the first time on appeal that the plaintiff was a statutory employee of Union Electric for purposes of the WCL such that the Commission had exclusive jurisdiction over his claim for recovery for personal injuries, depriving the circuit court of subject matter jurisdiction. 805 S.W.2d at 224. This court, after criticizing *Parmer* at length, held that the Workers' Compensation defense was not in the strict sense a matter of subject matter jurisdiction, under Rule 55.27, which could be raised at any time, but was an affirmative defense governed by Rule 55.08, that was waived if not raised in a responsive pleading. *Id.* at 225. Thus, the court held that because the defense was not raised in the defendant's responsive pleadings, it was waived. *Id.* The court's rationale for so holding was that:

The circuit court of Cole County, a court of general and not of limited jurisdiction, Mo. Const. Art. V, § 14, has jurisdiction over actions for money damages for personal injuries allegedly caused by defendant's negligence. The [plaintiffs'] claims are of that class. 'The test of [subject matter] jurisdiction is to be found in the nature of the case

and the relief sought.' *People ex rel. Person v. Miller,* 56 Ill.App.3d .450, 13 Ill.Dec. 920, 926, 371 N.E.2d 1012, 1018 (1977) (citations omitted).

The essential nature of the workers' compensation defense is a claim that exceptional or special circumstances, namely, plaintiff's status as a statutory employee of the defendant, have taken *this particular case* out of the court's jurisdiction of the class of cases. But lack of jurisdiction of the particular case, as opposed to lack of jurisdiction of the class of cases to which this case belongs, is a defect which must be timely raised or is waived. *In re Marriage of Neal,* 699 S.W.2d at 94; *People ex rel. Person v. Miller,* 13 Ill.Dec. at 926, 371 N.E.2d at 1018. In the latter case the court said:

The real question posed by defendant concerns jurisdiction of this particular case, rather than a general jurisdiction of the subject matter. In such cases, the rule is that where the parties have adjudicated their rights before the court to a final judgment without objection to the court's right to hear the cause, the parties will be bound on appeal so far as the question of jurisdiction over the particular case is concerned.

*Id.* at 225–26. While the Illinois decision relied on by the *Schneider* court may be in keeping with Illinois rules of civil procedure governing subject matter jurisdiction, it is contrary to Rule 55.27, which obviously is binding on Missouri courts. In addition, *Schneider* conflicts with the Missouri Supreme Court's holding in *McDonnell Douglas,* by which it was bound, *see Greene County v. Pennel,* 992 S.W.2d 258, 264–65 (Mo.App.1999) (stating that the lower courts are constitutionally bound to follow the controlling decisions of the Supreme Court of Missouri).

■ As the *Schneider* court points out, the question of subject matter jurisdiction revolves around the issue of whether the circuit court has general jurisdiction over the class of cases to which the case in question belongs. 805 S.W.2d at 225–26 (*citing Miller,* 13 Ill.Dec. 920, 371 N.E.2d at 1018). In resolving that issue, the *Schneider* court reasoned that the trial court looks simply to the petition and accepts at face value the characterization of the plaintiff's claim and the relief requested, again citing *Miller. Id.* at 225. Thus, in *Schneider,* because the plaintiff characterized its claim as one in tort for monetary damages, over which the circuit court had general jurisdiction, the *Schneider* court reasoned that the issue of whether the plaintiff's claim fell under the WCL and the exclusive jurisdiction of the Commission was not a question of subject matter jurisdiction in the strict or narrow sense that could be raised at any time, but was a question that was to be treated like an affirmative defense that was waived if not pled. *Id.* at 225–26.

Even assuming that some logic would exist for allowing the plaintiff's characterization of its claim and the relief requested to be the final word as to the question of the circuit court's subject matter jurisdiction, the reasoning of the *Schneider* court ignores the fact that, as we discuss, *supra,* the Rule 55.27 procedure contemplates that the question of subject matter jurisdiction is a question of fact to be decided by the trial court, which procedure includes conducting an evidentiary hearing. This express procedural provision belies the *Schneider* holding that the plaintiff's characterization of its action and the relief requested in the petition is conclusive on the trial court in determining the issue of subject matter jurisdiction.

In addition to being contrary to Rule 55.27, the holding in *Schneider* is contrary

to *McDonnell Douglas,* which we read, in part, as recognizing that the Workers' Compensation defense is a matter of subject matter jurisdiction. The Missouri Supreme Court recently reaffirmed that position in *James v. Poppa,* 85 S.W.3d at 9. Because the *Schneider* court was bound by the Court's decision in *McDonnell Douglas, Schneider*[3] was never good law and should not be followed, in that it was decided in 1991, some three years after *McDonnell Douglas.* Thus, as to those cases that have cited *Schneider* for the proposition that the Workers' Compensation defense must be raised as an affirmative defense or waived, they are also not good law and should not be followed.

For the foregoing reasons, we will treat the respondent's motion for summary judgment, alleging a lack of subject matter jurisdiction based on the Workers' Compensation defense, as a motion to dismiss for purposes of our review.

■ It is well settled in the law that the circuit court does not have subject matter jurisdiction over a personal injury claim of a statutory employee, which is cognizable under the WCL. *State ex rel. Taylor v. Wallace,* 73 S.W.3d 620, 621 (Mo. *banc* 2002). In that instance, exclusive subject matter jurisdiction lies with the Commission. *Id.* Thus, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter [because the personal injury claim alleged is cognizable under the WCL], the court shall dismiss the action." Rule 55.27(g)(3); *James,* 85 S.W.3d at 9.

■ In determining the question of its subject matter jurisdiction, the circuit court is not only the arbiter of the law, but the facts necessary to decide the question. *James,* 85 S.W.3d at 9. In deciding its jurisdiction, the circuit court is permitted under Rule 55.28 to consider not only facts appearing of record, but may consider facts adduced from affidavits, oral testimony, and depositions. Thus, if the permitted motion record before the circuit court is sufficient to support the court's factual findings on which it relied in dismissing the action, we will not reverse the court's decision to dismiss, unless we determine the court in doing so abused its discretion, in light of the proof standard enunciated in Rule 55.27(g)(3). *Parmer,* 636 S.W.2d at 695–96. An abuse of discretion occurs "when [the trial court's] ruling is clearly against the logic of the circumstances [presented to the court] and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Burns,* 976 S.W.2d at 641.

### B. Discussion

■ In dismissing the appellant's action as being cognizable under the WCL and, thus, being within the exclusive jurisdiction of the Commission, the trial court found that the respondent was the statutory employer of the appellant, as provided in § 287.040.1. That section provides that:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

§ 287.040.1. The purpose of § 287.040.1 is to prevent an employer from circumventing its duties under the WCL by hiring independent contractors to perform work the employer would otherwise have per-

---

**3.** This opinion has been reviewed and approved by order of the court *en banc.*

formed by its own employees in the usual course of its business. *Parker v. Nat'l Super Mkts., Inc.,* 914 S.W.2d 30, 31 (Mo. App.1995); *Bass v. Nat'l Super Mkts., Inc.,* 911 S.W.2d 617, 619 (Mo. *banc* 1995). As § 287.040.1 provides, statutory employment, for purposes of the WCL, is found when: (1) the work in question is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer. *Bass,* 911 S.W.2d at 619–20. The appellant claims that the evidence was insufficient for the court to find the third element.

A putative employer's "usual course of business," for purposes of § 287.040.1, is defined as those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time, (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement. *Id.* at 621. The appellant does not contend that there was insufficient evidence to satisfy the first three prongs of the test, but only that the evidence was insufficient to support the fourth. The question then for us to answer, in deciding whether the trial court erred in dismissing for a lack of subject matter jurisdiction, based on the Workers' Compensation defense, is whether there was sufficient evidence for the court to have found the fourth prong of the usual-course-of-business test.

In seeking to dismiss for lack of subject matter jurisdiction, based on the Workers' Compensation defense, the respondent had the burden of proving by a preponderance of the evidence that the appellant was injured in the usual course of the respondent's business. *Burns,* 976

S.W.2d at 641. As we discuss, *supra,* to do that, it was required to prove, *inter alia,* that if there had not been a contract between the respondent and Excel to provide linen service to the Station Casino complex, the respondent would have been required to hire permanent employees to do the work. A careful and detailed review of the record indicates that the respondent did not offer any evidence, as permitted under Rule 55.27 or Rule 55.28, establishing that fact. *See DiMaggio v. Johnston Audio/D & M Sound,* 19 S.W.3d 185, 190 (Mo.App.2000); *Parker,* 914 S.W.2d at 31–32; *Bass,* 911 S.W.2d at 621 (stating that a statutory employer's usual course of business is those activities "the performance of which would require the statutory employer to hire permanent employees absent the agreement" between the employer and the independent contractor). There was no evidence presented that permanent employees of the respondent ever performed the work performed by the appellant or that, after the appellant's injury, they hired permanent employees to do the work performed by the appellant. Thus, because the respondent failed to carry its burden of proof as to its motion seeking to dismiss the appellant's tort action for lack of subject matter jurisdiction, based on the Workers' Compensation defense, the trial court abused its discretion in "dismissing" the appellant's tort action for lack of subject matter jurisdiction.

Because our resolution of Point I is dispositive of the appellant's appeal, we need not address Point II.

## Conclusion

The judgment of the circuit court effectively dismissing the appellant's personal injury tort action for lack of subject matter jurisdiction is reversed, and the cause is

remanded to the court for further proceedings consistent with this opinion.

SMART and HARDWICK, JJ., concur.