Michael VATTEROTT, Appellant,

v.

HAMMERTS IRON WORKS,
INC., Respondent.

No. 80334.

Supreme Court of Missouri,
En Banc.

April 30, 1998.

James P. Leonard, Michael D. Stokes, St. Louis, for Appellant.

Russell F. Watters, T. Michael Ward, Brown & James, P.C., St. Louis, for Respondent.

PRICE, Judge.

Michael Vatterott sued Hammerts Iron Works, Inc., in common law negligence. The trial court found that Hammerts was Vatterott's statutory employer under section 287.040, RSMo 1994, and dismissed the action for lack of subject matter jurisdiction, explaining that Vatterott's exclusive remedy was under the Workers' Compensation Law. We have jurisdiction pursuant to Mo. Const. art. V, sec. 10. The judgment is affirmed.

I.

In May 1988, Hammerts subcontracted with a general contractor to furnish, supply and erect all of the structural steel needed for constructing City Place, an office building in St. Louis County. Hammerts fabricated the steel beams in its plant and contracted with Big Boy Steel Erection Company to both erect the beams and to install steel floor decking that Hammerts purchased from another supplier.

Vatterott, an employee of Big Boy, was injured while erecting the steel floor decking. After receiving workers' compensation benefits from Big Boy, Vatterott brought an action against Hammerts alleging that the com-

pany had negligently furnished defective steel floor decking that caused his fall.

## II.

The Workers' Compensation Law (the "Act") supplants the common law in determining the remedies for on-the-job injuries. *Lathrop v. Rippee*, 432 S.W.2d 227, 231 (Mo. 1968). Before the law was enacted in 1925, workers who filed negligence actions against their employers were frequently barred from recovery by the common law doctrines of assumption of the risk, contributory negligence and the employer's non-liability for the acts of third parties. *Bass v. National Super Markets, Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995). The Act did away with these common law defenses and provided a relatively simple and nontechnical method of compensation for injuries sustained on the job, while placing the burden of such losses on the employers. *Bethel v. Sunlight Janitor Service*, 551 S.W.2d 616, 618 (Mo. banc 1977).

Section 287.040 extends coverage of the Act to certain constructive employment relationships in which employers have work done by contract. *McGuire v. Tenneco, Inc.*, 756 S.W.2d 532, 534 (Mo. banc 1988). It provides:

> 287.040. Liability of employer—landlords, contractors, subcontractors
>
> 1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.
>
> 2. The provisions of this section shall apply to the relationship of landlord and tenant, and lessor or lessee, when created for the fraudulent purpose of avoiding liability, but not otherwise. In such cases the landlord or lessor shall be deemed the employer of the employees of the tenant or lessee.
>
> 3. The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.
>
> 4. In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer.

■ The Workers' Compensation Law specifically directs courts to construe the Act liberally and "with a view to the public welfare." Section 287.800, RSMo 1994. "[L]iberal construction of the Act requires that 'where a question of jurisdiction is in doubt, it should be held to be in favor of the [Labor and Industrial Relations] commission.'" *Bass v. National Super Markets, Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995). This law of construction may limit a particular individual's recovery, but it ensures that more individuals enjoy the protection intended by the Workers' Compensation Law.

## III.

The present case is largely controlled by *Anderson v. Steurer*, 391 S.W.2d 839 (Mo. 1965). There, we held that intermediate subcontractors "between the general contractor and the subcontractor at the bottom of the chain" are the statutory employers of their subcontractors' employees. In *Anderson*, a general contractor subcontracted with defendant John Steurer, Jr., to perform the lathing and plastering work on the construction

of a church. Steurer in turn subcontracted with the George Stroup Lathing Company to perform the lathing. Stroup was the direct employer of the injured employee, who later brought a negligence action against Steurer, the intermediate subcontractor. Steurer was found to be the injured employee's statutory employer under section 287.040.3, and, thereby, immune from suit.

The *Anderson* decision looked to *Bunner v. Patti*, 343 Mo. 274, 121 S.W.2d 153 (1938), in which it was determined that section 287.040.4 permitted an injured employee whose immediate employer was unable to pay the cost of coverage under the Act to recover against the other subcontractors in the chain of privity leading back to the general contractor. The Court reasoned that if the legislature saw fit in subsection 4 to attach liability for workers' compensation coverage to the intermediate subcontractors, it must also have intended in subsection 3 to shield those subcontractors from negligence suits in connection with injuries on the job. *Anderson*, 391 S.W.2d at 845.

### IV.

Vatterott attempts to avoid the result in *Anderson* by arguing that Hammerts does not meet the requirements set out in section 287.040.1. Vatterott argues that subsection 1 sets out the basic requirements for a statutory employment relationship that apply to all alleged statutory employment relationships. In contrast, Hammerts argues that subsection 3 controls and that a party demonstrating that it is a construction subcontractor under subsection 3 is not required to prove the elements of subsection 1 in order to establish the existence of a statutory employment relationship. Hammerts prevails.

No language in section 287.040 expressly states that a contractor or subcontractor deemed to be a statutory employee under subsection 3 must also comply with the terms of subsection 1. In fact, the language of the Act implies the contrary. Section 287.040 addresses three specific situations. Section 287.040.1 addresses a general employer who retains a subcontractor to work "on or about his premises" in the course of his "usual business." Section 287.040.2 ad-

dresses fraudulent "landlord and tenant" relationships. Section 287.040.3 addresses owners, contractors, and subcontractors of premises "upon which improvements are being erected...." It would appear that the legislature intended to provide coverage for each of these three situations.

The express language used in the subsections of section 287.040 confirms this intent. Subsection 3 expressly states that an independent contractor "*shall be deemed to be the employer* of the employees of his subcontractors," and subsection 4 expressly states that such a contractor "*shall be liable* as an employer of the employees of his subcontractors." This language is identical to that used in subsection 1: "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on *shall be deemed an employer and shall be liable* ...." These parallel terms suggest that subsections 3 and 4 together constitute an independent and alternative statutory basis for a constructive employment relationship. Likewise, subsection 4 refers to "all cases mentioned in the preceding subsections" when conferring workers' compensation liability on contractors and subcontractors as statutory employers. It does not refer only to cases fitting within subsection 287.040.1.

Additionally, section 287.800 expressly directs that "all of the provisions of this chapter shall be liberally construed...." To require that employers meeting the requirements of subsections 2 and 3 also meet the requirements of subsection 1 would restrict, not expand, coverage.

Our decisions also imply that subsection 3 provides an independent basis for statutory employment under section 287.040. In *Bailey v. Morrison–Knudsen Co.*, 411 S.W.2d 178 (Mo.1967), *Bunner v. Patti*, 343 Mo. 274, 121 S.W.2d 153 (1938), and *Anderson v. Steurer*, 391 S.W.2d 839 (Mo.1965), this Court presented lengthy, sometimes elaborate, analyses regarding whether certain defendant contractors were statutory employers under subsections 3 and 4 without so much as mentioning subsection 1. Although Vatterott argues that *Bass v. National Super*

*Markets, Inc.*, 911 S.W.2d 617, 619, 621 (Mo. banc 1995), required that the three elements of section 287.040.1 exist for a finding of statutory employment pursuant to "the statute", *Bass* was clearly a section 287.040.1 case and it simply provides Vatterott's argument no support.

## V.

The judgment is affirmed.

All concur.