**Vicki HOWELL, individually and representatively, Plaintiff/Appellant,**

v.

**LONE STAR INDUSTRIES, INC., Defendant/Respondent.**

No. ED 78176.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 6, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 24, 2001.

Application for Transfer Denied
June 26, 2001.

Stephen H. Ringkamp, Spencer Edward Farris, Law Office of the Hullverson Law Firm, St. Louis, for appellant.

Stefan J. Glynias Antoinette Alsop, Law Office of Lashly & Baer, St. Louis, for respondents.

SULLIVAN, Judge.

Appellant Vicki Howell (Howell) appeals from a trial court judgment granting a Motion to Dismiss for lack of subject matter jurisdiction filed by Respondent Lone Star Industries, Inc. (Lone Star) and denying Howell's Motion for Partial Summary Judgment. Howell brought a Petition for wrongful death against Lone Star for the death of her husband Carl Howell, Jr. (Decedent). The trial court sustained without prejudice Lone Star's Motion to

Dismiss pursuant to Section 287.040.1,[1] finding that, as a matter of law, Decedent was a statutory employee of Lone Star and relief pursuant to the Missouri Workers' Compensation Law (the Act) was Howell's exclusive remedy. The trial court denied Howell's Motion for Partial Summary Judgment, finding that the record did not support Howell's claim that Decedent "was involved in erection, demolition, alteration or repair of improvements upon [Lone Star's] premises at the time of the injuries and death of [Decedent]," and thus Section 287.040.3 was inapplicable. We reverse and remand.

Lone Star owns and operates a limestone quarry and cement plant in Cape Girardeau. Located within the quarry is an area referred to as the "Hunze Corner." Howell Trucking, Inc. (Howell Trucking) employed Decedent.[2] In June 1996, Howell Trucking entered into a contract with Lone Star "to furnish labor and equipment to strip about ½ acre of Hunze property, remove about 1,500 feet of fence, gravel a 3,800 square foot area, remove several trees, and construct and repair gravel roads on the Hunze property." Decedent began performing work under the contract in June 1996.

On February 15, 1997, Decedent began operating an excavator to remove overburden on the Hunze Corner.[3] Decedent informed Roger Gibbar (Gibbar), Quarry Foreman, that he had uncovered a portion of an old abandoned underground mineshaft while removing the overburden. Decedent discontinued work in the area, and Gibbar and Decedent inspected the site. Gibbar also called Robert Cox (Cox), Plant Safety Manager, to the site. Gibbar, Cox,

and Decedent inspected the site to determine if work could be continued safely. They determined that it would be necessary for Decedent to remove overburden and debris from the front of the opening of the mineshaft in order to permit a closer inspection of the cavity to ensure that the supporting pillars were stable and in good shape. Decedent began the project some time after 12:30 p.m. and was last seen working the area at 5:00 p.m. Decedent's body was discovered the next day in the excavator, which had apparently been hit by a fallen rock wall.

In December 1998, Howell filed a Petition for wrongful death against Lone Star, William S. Leus (Leus), Plant Manager, and Cox. Each defendant filed a separate answer. In February 2000, Howell filed an amended petition that dismissed Leus and Cox and sought punitive damages for aggravating circumstances. In its answer to Howell's amended petition, also filed in February 2000, Lone Star raised several affirmative defenses, including statutory employment and workers' compensation exclusivity. Subsequently, Howell filed a Motion to Strike Lone Star's Affirmative Defenses arguing that the affirmative defenses were untimely pled. After a hearing and examining the motion and attached memoranda, the trial court denied Howell's motion to strike. In April 2000, Lone Star filed a Motion to Dismiss, alleging the trial court lacked subject matter jurisdiction over Howell's cause of action because Decedent was a statutory employee of Lone Star, and thus Howell's exclusive remedy was under the Act. Subsequently, Howell filed a Motion for Partial Summary

1. All statutory references are to RSMo (1994), unless otherwise indicated.

2. Decedent also was the owner and operator of Howell Trucking.

3. Removing overburden included such tasks as boulder breaking, building levees and casting earth off of rock ledges. Howell had performed similar work for Lone Star on other parts of the quarry since 1991.

Judgment arguing that Section 287.040.3, an exception to statutory employment, applied. In June 2000, the trial court entered its Order, Judgment, and Decree of Court (Judgment) granting Lone Star's Motion to Dismiss and denying Howell's Motion for Partial Summary Judgment. Howell filed a Motion to Reconsider and to Amend, which the trial court denied. Howell appeals from the Judgment.

Howell raises three points on appeal. We address her point two on appeal first, as we find it dispositive. Howell's point two on appeal argues that the trial court erred in denying her Motion for Partial Summary Judgment and granting Lone Star's Motion to Dismiss because Section 287.040.3 excludes Decedent from the definition of statutory employment and exempts him from the operation of Section 287.040.1 in that the area in which Howell Trucking and Decedent were working at the time of Decedent's death was an improvement on the property of Lone Star and the work being performed by Howell Trucking and Decedent was the demolition, alteration or repair of this improvement.

 A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise a workers' compensation exclusivity defense. *James v. Union Elec. Co.*, 978 S.W.2d 372, 374 (Mo.App. E.D. 1998). When the defense is raised, the summary judgment standard is not appropriate upon review. *Id.* The motion to dismiss should be granted where it appears, by a preponderance of the evidence, that the trial court lacks subject matter jurisdiction because of workers' compensation exclusivity. *Id.* Although the party raising the defense has the burden to prove lack of jurisdiction, the quantum of proof required is not high. *Id.* In deter-

mining whether it has jurisdiction, the trial court may consider affidavits, exhibits, and evidence pursuant to Rules 55.27 and 55.28.[4] *Burns v. Employer Health Serv., Inc.*, 976 S.W.2d 639, 641 (Mo.App. W.D. 1998).

 Where a question of jurisdiction is in doubt, it should be resolved in favor of the Labor and Industrial Relations Commission ("Commission"). *James*, 978 S.W.2d at 374. The determination of whether a case falls within the Commission's exclusive jurisdiction is a question of fact. *Burns*, 976 S.W.2d at 641. When a court's jurisdiction depends on a factual determination, the decision should be left to the sound discretion of the trial judge. *Id.* Thus, this Court's review is for an abuse of discretion. *Id.* The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is "so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Id.*

 Generally, the denial of a motion for summary judgment is not an appealable order. *Eagle Boats, Ltd. v. Continental Ins. Co. Marine Office of Am., Corp.*, 968 S.W.2d 734, 737 (Mo.App. E.D.1998). Thus, the denial of Howell's Motion for Partial Summary Judgment is not reviewable.

 In its granting of Lone Star's Motion to Dismiss, the trial court found Section 287.040.1 to apply, and thus it concluded that Decedent was a statutory employee of Lone Star and relief pursuant to the Act was Howell's exclusive remedy. Section 287.040.1 defines a statutory employer as:

Any person who has work done under contract on or about his premises which

4. All rule references are to Mo. R. Civ. P. 2000, unless otherwise indicated.

is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

■ An exception to Section 287.040.1 is Section 287.040.3. Section 287.040.3 provides:

The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

Thus, owners of premises where improvements are being erected, demolished, altered or repaired by an independent contractor are not statutory employers and may be held liable for common law negligence by the employees of the independent contractor. *Huff v. Union Electric Co.*, 598 S.W.2d 503, 511 (Mo.App. E.D.1980).

■ The trial court found that Section 287.040.3 did not apply. We conclude that the trial court erred in this finding. Although the Act must be liberally construed in favor of employees to secure its benefits to the greatest number, the Act must be strictly construed when existing common law rights are affected. *Id.* at 510–511. If there is a close question, the decision should be weighted in favor of retaining the common law right of action.

*Id.* at 511. Where the facts are not in dispute as to the nature of the agreement and the work required by it, the existence or absence of statutory employment is a question of law for the courts to decide. *Bass v. National Super Markets, Inc.*, 911 S.W.2d 617, 621 (Mo. banc 1995).

There is no dispute that (1) Lone Star was the owner of the premises upon which Decedent died and (2) Howell Trucking was an independent contractor.[5] There is also no dispute that at the time of his death, Decedent was performing work under the contract between Howell Trucking and Lone Star. Under the contract, the work to be performed by Decedent, an employee of Howell Trucking, included stripping, removing, constructing, and repairing part of the Hunze Corner. This work necessarily altered Lone Star's property. The issue thus becomes whether this alteration was upon an improvement.

■ One definition of an improvement is "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *State ex rel. Curators of University of Mo. v. Neill*, 397 S.W.2d 666, 669 (Mo. banc 1966); *James*, 978 S.W.2d at 376. Another definition of an improvement is "work done or things built or placed upon land, rendering it more fit for use, and more capable of producing income." *Huff*, 598 S.W.2d at 510.

According to Dobson's affidavit, the Hunze Corner was being removed as part of the continuing expansion of the quarry as material was mined and processed. Limestone rock from the Hunze Corner

---

5. Affidavits by Dennis Dobson, Plant Technical Manager, and Gibbar, both state that Howell Trucking was an independent contractor that Lone Star retained to perform certain work at the Cape Girardeau Plant.

was used by Lone Star in its cement production process. Thus, the work resulted in a betterment of real property that enhanced its capital value. The work involved an expenditure of labor and money. The work made the property more useful or valuable because it now had a purpose. The work did not constitute ordinary repairs. The work also rendered the property more fit for use and more capable of producing income.

Lone Star attempts to distinguish between the work that Decedent was performing at the time of his death, specifically, removing overburden and debris from the front of the opening of the mineshaft in order to permit a closer inspection of the cavity, and the "stripping" done to harvest rock for use in the cement production process. We do not find this distinction sufficient to render Section 287.040.3 inapplicable. The mineshaft was within the confines of Hunze Corner. Decedent's work at the time of his death was an essential step to furthering the mining process in Hunze Corner with the ultimate purpose of furthering Lone Star's ability to expand the quarry and to produce more cement. Completion of the contract between Howell Trucking and Lone Star would result in an improvement to Lone Star's property, and at the time of his death, Decedent was performing work under the contract.

Thus, we conclude that Decedent was performing the alteration of an improvement upon Lone Star's premises triggering Section 287.040.3, an exception to Section 287.040.1. In light of this conclusion, we need not address Howell's remaining two points on appeal. Also, in so concluding, we do not intend to suggest an opinion on the merits of Howell's cause of action. We simply conclude that she is entitled to seek relief beyond the Act. Accordingly, the trial court erred in granting Lone Star's Motion to Dismiss for lack of subject matter jurisdiction under Section 287.040.1. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

MOONEY, P.J., and SIMON, J., concur.