Kevin Dale SEXTON, Appellant,

v.

JENKINS & ASSOCIATES, INC., Steve Sloniker, Kent Lacy, Howard Hurlburt, and Other Unknown Persons, Companies and Entities, Respondents.

No. WD 57996.

Missouri Court of Appeals, Western District.

Oct. 3, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 2000.

Application for Transfer Sustained Jan. 23, 2001.

Case Retransferred April 24, 2001.

Court of Appeals Opinion Readopted April 30, 2001.

Andrew Jay Gelbach, Warrensburg, for appellant.

John Robert Loss, Kansas City, for respondent.

Before LOWENSTEIN, P.J., LAURA DENVIR STITH and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

Kevin D. Sexton appeals from a judgment dismissing his petition for damages for personal injuries for lack of subject matter jurisdiction. The court dismissed Sexton's petition based on its finding that Sexton's exclusive remedy, for injuries he sustained, was under the Workers' Compensation Law. The respondents are Jenkins & Associates (Jenkins), the general contractor of the construction project, and several of Jenkins' employees. Sexton was an employee of a subcontractor. Because this court finds that (1) Jenkins & Associates is the statutory employer of Sexton; (2) Sexton failed to plead any affirmative acts which amount to "something extra" beyond Jenkins' duty to provide a safe workplace; and (3) Section 287.040.4 did not remove Jenkins' civil immunity, the judgment of the trial court is affirmed.

## FACTS

Jenkins entered into a written contract with Kansas City Power & Light (KCPL) to construct an addition and office building at KCPL's Montrose Power Plant. Under the terms of the contract, Jenkins was to act as the independent general contractor of the construction project. Jenkins subcontracted with Intec Construction Company (Intec) to perform the concrete flat work. Sexton was employed by Intec as a concrete mason.

In March of 1993, while working on the project at the Montrose Power Plant, Sexton fell down an elevator shaft after a railing gave way. As a result of his injuries, Sexton filed a claim for workers' compensation against Intec. That claim is still pending. Sexton later filed the petition under review here in the circuit court against Jenkins, Steve Sloniker, an employee of Jenkins and the supervisor on the project, Howard Hurlburt, an employee of Jenkins and a carpenter on the project, and Kent Lacy, an employee of Jenkins and a laborer on the project. The petition alleged that Jenkins and the individuals negligently breached their duty to guard and protect the elevator shaft. Respondents filed a motion to dismiss Sexton's petition for lack of subject matter jurisdiction alleging that his exclusive remedy was under the Workers' Compensation Law. The trial court granted Respondents' motion and entered its judgment dismissing Sexton's petition.

## STANDARD OF REVIEW

The Workers' Compensation Law provides for the exclusive rights and remedies of injured workers. § 287.120.[1] A motion to dismiss for lack of subject matter jurisdiction is the proper method to raise as a defense to a tort action the exclusive jurisdiction of the Workers' Compensation Law, as provided in Chapter 287. *Burns v. Employer Health Services, Inc.,* 976 S.W.2d 639, 641 (Mo.App.1998).

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

A motion to dismiss should be granted when it appears that the trial court lacks subject matter jurisdiction. *James v. Union Electric Co.*, 978 S.W.2d 372, 374 (Mo. App.1998). " 'As the term "appears" suggests the quantum of proof is not high.' " *Burns*, 976 S.W.2d at 641 (quoting *Parmer v. Bean*, 636 S.W.2d 691, 694 (Mo.App. 1982)). The party raising the defense must show by a preponderance of the evidence that the trial court is without subject matter jurisdiction. *James*, 978 S.W.2d at 374. In determining whether it has jurisdiction, the trial court may consider affidavits, exhibits, and evidence pursuant to Rules 55.27 and 55.28. *Burns*, 976 S.W.2d at 641.

The determination of whether a case falls within the exclusive jurisdiction of the Workers' Compensation Law is one of fact. *Id.* When a court's jurisdiction depends on a factual determination, the decision should be left to the sound discretion of the trial judge. *Id.* Thus, this court's review is for an abuse of discretion. *Id.* "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Id.* (quoting *Lohmann v. Norfolk & Western Ry.*, 948 S.W.2d 659, 668 (Mo.App.1997)).

## I.

Sexton argues in his first point that the trial court erred in dismissing his petition for lack of subject matter jurisdiction because he alleged facts which amounted to the "something extra" necessary to remove his case from the exclusive jurisdiction of the Workers' Compensation Law. Specifically, Sexton argues that he pleaded specific affirmative acts of negligence by Respondents that created a hazardous condition.

"The Workers' Compensation Law supplants the common law in determining remedies for on-the-job injuries." *Vatterott v. Hammerts Iron Works, Inc.*, 968 S.W.2d 120, 121 (Mo. banc 1998). Before the law was enacted in 1925, workers who filed negligence actions against their employers were frequently barred from recovery by common law defenses. *Id.* The Workers' Compensation Law did away with the common law defenses and provided workers with a method of compensation for injuries sustained on the job, while placing the burden of such losses on the employers. *Id.*

Section 287.040 extends coverage under the Workers' Compensation Law to certain constructive employment relationships in which employers have work done by contract. *Id.* Section 287.040.3, applicable here, provides:

> 3. The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

"Where the facts are not in dispute as to the nature of the agreement and the work required by it, the existence or absence of statutory employment is a question of law for the courts to decide." *Bass v. National Super Markets, Inc.*, 911 S.W.2d 617, 621 (Mo. banc 1995). Here, the parties do not dispute the following facts that show Jenkins is a statutory employer of Sexton. Jenkins entered into a written contract with KCPL to construct an addition and office building at the Montrose Power Plant in Henry County,

Missouri. Under the terms of the contract, Jenkins was to act as the independent general contractor for the project. Jenkins subcontracted with Intec to perform the concrete flat work on the project. Sexton was an employee of Intec working on the project at the Montrose Power Plant at the time of his injury. Thus, based on these facts, Jenkins is the statutory employer of Sexton under § 287.040.3 as a matter of law. *Id.*

■■■■■ As a statutory employer, Jenkins had a duty to provide a safe working environment. *Lyon v. McLaughlin,* 960 S.W.2d 522, 525 (Mo.App.1998). This duty is not delegable. *Id.* Section 287.120 gives an employer immunity from common law liability for breaches of this duty. *Id.* This immunity extends to any employee charged with carrying out the employer's duties. *Felling v. Ritter,* 876 S.W.2d 2, 5 (Mo.App.1994). A co-employee's failure to perform a duty delegated to him by his employer does not give rise to a cause of action by a fellow employee who is injured because of the failure. *Id.* However, a co-employee loses this immunity if he affirmatively causes or increases his fellow employee's risk of injury. *Lyon,* 960 S.W.2d at 525. A plaintiff's petition must charge "something extra," beyond a breach of general supervision and safety for the co-employee to be liable. *Id.* "The petition must allege 'an affirmative negligent ... act outside the scope of [the co-employee's] responsibility to provide a safe workplace[.]' " *Felling,* 876 S.W.2d at 5, (quoting *Tauchert v. Boatmen's National Bank of St. Louis,* 849 S.W.2d 573, 574 (Mo. banc 1993)). Whether a petition charges facts sufficient to establish the requisite "something extra" is determined on a case-by-case basis. *Lyon,* 960 S.W.2d at 526.

Here, Sexton's petition alleges that the three individual Respondents, Sloniker, Hurlburt and Lacy, all of whom were employed by Jenkins, were negligent in failing to make the area around the elevator shaft safe. Specifically, Sexton asserts in his petition that the Respondents "negligently and carelessly designed, constructed, built, and installed the hand and guardrails at the Montrose Power Plant elevator shaft where Plaintiff, Kevin Dale Sexton, fell on March 23, 1993." The petition also alleges that the Respondents failed to use the proper materials in constructing the guardrail, failed to provide a safe way between floors and failed to warn of the danger.

Generally, in cases that have recognized that the "something extra" element has been met, the supervisor or co-worker was present with the plaintiff and was performing an act or operating a piece of equipment that resulted in the injury, or employees were directed to engage in dangerous conditions that a reasonable person would recognize as hazardous beyond the usual requirements of employment. *Lyon,* 960 S.W.2d at 526; *Gabler v. McColl,* 863 S.W.2d 340, 343 (Mo.App.1993). *See Tauchert,* 849 S.W.2d 573 (Mo. banc 1993)(foreman negligently rigged a hoist to test an elevator with employee); *Hedglin v. Stahl Specialty Co.,* 903 S.W.2d 922 (Mo.App. 1995) (supervisor negligent for arranging employee to be dangled from tines of a forklift over a vat of scalding water); *Workman v. Vader,* 854 S.W.2d 560 (Mo. App.1993)(co-employee negligent in throwing packaging materials on floor causing employee to slip); *Pavia v. Childs,* 951 S.W.2d 700 (Mo.App.1997)(manager of grocery store negligent in operating a forklift to elevate an employee fifteen feet off the floor to reach items in warehouse).

Sexton's petition does not allege that any of the individual Respondents were present at the time of the accident or that they performed a specific act or operated machinery directly resulting in his injuries.

Instead, Sexton's petition recites general allegations such as Respondents failing to build the hand and guardrails according to OSHA regulations, the use of defective materials, and improper construction of the hand and guard rails on the elevator shaft. These claims relate to Jenkins' general duty to provide a safe work place, and as such do not state a cause of action against the individual employees involved. *See Gabler*, 863 S.W.2d at 343 (injured employee's claims that president of company carelessly and negligently designed, engineered, assembled, built, maintained and inspected an elevator/dumbwaiter did not amount to "something extra" beyond the employer's duty to provide a safe workplace); *Felling*, 876 S.W.2d at 5 (deceased employee's family claimed supervisors were negligent in failing to install a guard or safety switch on a rewinder machine did not amount to "something extra" beyond the employer's duty to provide a safe workplace).

Sexton has not alleged in his petition any particular act of negligence on the part of any of the Respondents which directly and immediately caused his injury. *Gabler*, 863 S.W.2d at 343. Thus, Sexton has failed to plead any affirmative acts which amount to "something extra" beyond Jenkins' duty to provide a safe workplace. The trial court did not abuse its discretion in dismissing Sexton's petition for lack of subject matter jurisdiction. Point denied.

## II.

■ Sexton argues in his second point that the trial court erred in dismissing his petition for lack of subject matter jurisdiction in that under the plain language of § 287.040.4, Jenkins is not liable under the Workers' Compensation Law for Sexton's injuries, and consequently, Jenkins is not immune from civil liability since the Workers' Compensation Law does not apply to it.

Section 287.040.4 provides, in pertinent part:

> [T]he immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors.... The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable.... No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer.

Sexton asserts that it is undisputed that he was covered by Liberty Mutuals' workers' compensation insurance policy through his immediate employer, Intec. As such, Sexton contends that pursuant to the plain language of § 287.040.4, he has no rights or remedies against Jenkins, and Jenkins, in turn, has no liability to him under the Workers' Compensation Law. Sexton argues that as a consequence Jenkins cannot be immune from civil liability since the Workers' Compensation Law does not apply to it.

■ Sexton is correct that under § 287.040.4 Jenkins is not liable to him since Intec was Sexton's immediate employer and it provided a workers' compensation insurance policy that covers Sexton. However, just because Jenkins is not liable to Sexton under § 287.040.4 does not mean that the Workers' Compensation Law does not apply to Jenkins. Section 287.040.4 merely serves to prioritize the obligations of contractors and subcontractors. If Intec did not have coverage, § 287.040.4 would permit Sexton to recover against Jenkins, his statutory employer. *See Vatterott*, 968 S.W.2d at 122. Whether Intec is insured or not and whether Jenkins is liable or not, Jenkins is still Sexton's statutory employer under § 287.040 .3. Just

because Jenkins is not liable to Sexton for coverage in this instance does not remove Jenkins' civil immunity. Furthermore, the Workers' Compensation Law is to be liberally interpreted with a "view to the public welfare." § 287.800. Liberal construction requires that " 'where a question of jurisdiction is in doubt, it should be held to be in favor of the [Labor and Industrial Relations] commission.' " *Id.* at 121 (quoting *Bass*, 911 S.W.2d at 619). "This law of construction may limit a particular individual's recovery, but it ensures that more individuals enjoy the protection intended by the Workers' Compensation Law." *Id.* Point denied.

### CONCLUSION

Because this court finds that (1) Jenkins is the statutory employer of Sexton; (2) Sexton failed to plead any affirmative acts which amount to "something extra" beyond Jenkin's duty to provide a safe workplace; and (3) Section 287.040.4 did not remove Jenkin's civil immunity, the judgment of the trial court is affirmed.

All concur.