James **SELDOMRIDGE** and Shirley
Seldomridge, Appellants,

v.

**GENERAL MILLS OPERATIONS,
INC.** f/k/a Pillsbury Bakeries and
Food Services, Inc., Respondent.

No. WD 63127.

Missouri Court of Appeals,
Western District.

March 30, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 1, 2004.

Application for Transfer Denied
Aug. 24, 2004.

David E. Larson, Kansas City, MO, for Appellants.

Barry E. Warren, Overland Park, KS, for Respondent.

Before LISA WHITE HARDWICK, P.J., PAUL M. SPINDEN and THOMAS H. NEWTON, JJ.

THOMAS H. NEWTON, Judge.

Mr. James Seldomridge was injured when performing warranty repairs on equipment installed in the expanded General Mills, Inc. (GMI) dough processing facility, which was built by Mr. Seldomridge's employer. Mr. Seldomridge sued GMI for negligence. GMI filed a motion to dismiss for lack of subject matter jurisdiction, asserting that because Mr. Seldomridge was a statutory employee his exclusive remedy was under workers' compensation law. The circuit court granted GMI's motion. Because Mr. Seldomridge was working on an improvement to the facility he may bring his claim under common law. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about February 1, 1999, The Stellar Group, Inc., located in Jacksonville, Florida, contracted with The Pillsbury Company, now owned by GMI,[1] to design and build new frozen dough-processing and packaging lines and a building for an expansion to the dough-processing facility in Joplin, Missouri. This agreement included, among other things, a warranty stating that Stellar Group will "promptly correct any defect in the work upon written notice thereof received at any time through one year after the date of final completion of the work." This expansion or improvement of the facility was completed by May 1, 2000.

Stellar Group employed Mr. Seldomridge as a senior service technician. He was at GMI's new plant from August 25–

---

**1.** Because Pillsbury is now owned by GMI, the respondent will be referred to as GMI, even though the original contract was with Pillsbury.

27, 2000.[2] According to Mr. Seldomridge, he was sent to the GMI plant to make several warranty repairs. The repair at issue here was on a compressor installed by Stellar Group when it built the changes to the facility. GMI had reported an unusual vibration in the system and Mr. Seldomridge was sent to repair the compressor, pursuant to the warranty. GMI, however, claims that Mr. Seldomridge was at the Joplin plant for a regular maintenance call based on the agreement between Stellar Group and GMI.[3] GMI asserts that the compressor was not broken, it just had a vibration and Mr. Seldomridge was there to adjust it, demonstrated by the fact that Mr. Seldomridge took vibration readings on August 25, 2000, in preparation for inspecting the compressor on August 27, 2000.

Mr. Kirby Plank was the utilities mechanic at the GMI facility in August 2000, and currently is the Utilities Manager. Mr. Plank was responsible for interacting with contractors or outside vendors to do work in the plant. According to Mr. Plank's deposition testimony, he contacted Stellar Group to report the vibration in the compressor, and other equipment problems under warranty, and arranged for Mr. Seldomridge to perform the various warranty repairs. In response to a question about whether Mr. Seldomridge's work was a regular maintenance call, Mr. Plank stated that he contacted Stellar Group to look at the compressor in reliance on the warranty and that it was not a

normal maintenance call.[4] He also stated that the warranty work was on an "isolated, as-needed basis."

On the morning of August 27, 2000, Mr. Seldomridge reported to Mr. Plank. Before beginning work on the compressor, Mr. Seldomridge informed Mr. Plank that he must power off the compressor and lock/tag them out. Mr. Plank did not allow Mr. Seldomridge to do this, insisting that he would do it, and left. Mr. Plank then returned and advised Mr. Seldomridge that everything was secure and he had three hours to do his work. Mr. Seldomridge used a stepladder to climb up to the work area on top of the compressor, ten to twelve feet above the ground. After about fifteen to twenty minutes, the compressor cycled on. Concerned for his safety, Mr. Seldomridge attempted to get down, but the ladder tipped and he fell to the ground. Mr. Seldomridge sustained fractures to the heels of both feet, and numerous bruises and abrasions. He has undergone surgery and rehabilitation, incurring substantial medical bills. He has a permanent disability.

Mr. Seldomridge filed a claim for negligence against GMI. His wife, Ms. Shirley Seldomridge, filed a claim for loss of consortium due to Mr. Seldomridge's injuries. GMI filed a motion to dismiss the claims, asserting that the circuit court did not have subject matter jurisdiction because Mr. Seldomridge's exclusive remedy was through the Workers' Compensation Act (the Act). GMI asserted that Mr. Seldom-

---

2. The major point of contention in this case is whether Mr. Seldomridge was performing repair work or maintenance work at this time.

3. This claim comes from an affidavit by Mr. Larry Johnson, GMI's engineering manager.

4. GMI's attorney objected to the form of this question, claiming that it asked Mr. Plank for a legal conclusion about the character of Mr. Seldomridge's work. Because this was a de- position and not during trial, there was no ruling on this objection. But Mr. Plank's agreement with the statement that this was not a routine maintenance call is not a legal conclusion. He was the utilities mechanic and interacted with the outside vendors who provided services to GMI, so he would know if work was regular maintenance work or a specific repair under a warranty.

ridge met the three statutory requirements to qualify as a statutory employee under section 287.040.1 [5] and, therefore, he could seek recovery only under the Act.

Mr. Seldomridge objected to this motion, arguing that he did not meet the third requirement because his work was not in the usual course of GMI's business. Mr. Seldomridge asserted that he was working only under a warranty provided as a part of the agreement between Stellar Group and GMI for the expansion of GMI's dough-processing facility. Mr. Seldomridge argued that because this was warranty work it could not be considered part of the usual course of business of GMI and so he was not GMI's statutory employee.

GMI then filed a reply and Mr. Seldomridge filed a sur-reply. The circuit court granted GMI's motion to dismiss for lack of subject matter jurisdiction. The circuit court found that Mr. Seldomridge was a statutory employee under section 287.040.1 and, therefore, his claim was dismissed, with prejudice. Because Ms. Seldomridge's complaint was derivative of Mr. Seldomridge's claim, her claim was dismissed too.

Mr. Seldomridge appeals this dismissal and raises two points. First, he asserts that the circuit court erred because when GMI raised the defense that it was a statutory employer under section 287.040, it failed to plead and prove that Mr. Seldomridge's work did not fall under the exception contained in section 287.040.3, improvement of the premises. Mr. Seldomridge further alleges that he was, in fact, working on an improvement and, therefore, was within the section 287.040.3 exception. Secondly, he asserts that the circuit court erred in finding that he was

a statutory employee because his services arose from a contract to improve GMI's property and because he was engaged in an extraordinary repair, not routine maintenance.

## II. STANDARD OF REVIEW

When a party in a tort action raises the defense of the exclusivity of the Workers' Compensation Law, a motion to dismiss for lack of subject matter jurisdiction is the proper method to raise this defense. *Sexton v. Jenkins & Assoc., Inc.,* 41 S.W.3d 1, 3 (Mo.App. W.D.2000). When it appears the circuit court lacks subject matter jurisdiction, the motion to dismiss should be granted. *Id.* at 4. The party raising this defense must show the lack of jurisdiction by a preponderance of the evidence. *Id.* In making this determination, the circuit court may consider affidavits, exhibits, and evidence pursuant to Rules 55.27 and 55.28.[6] *Id.* If the question of jurisdiction is in doubt, the circuit court should resolve it in favor of applying the Act. *Howell v. Lone Star Indus., Inc.,* 44 S.W.3d 874, 877 (Mo.App. E.D.2001). Although the question of jurisdiction should be resolved in favor of applying the Act, "the Act must be strictly construed when existing common law rights are affected." *Id.* at 878. When there is a close question, the court should lean in favor of retaining the common law right of action. *Id.*

Whether a circuit court has jurisdiction is a question of fact and the decision should be left to the sound discretion of the circuit court. *Id.* at 877. Therefore, our review is for an abuse of discretion. *Id.* If the record before the circuit court is sufficient to support its findings, we will not reverse its decision to dismiss unless it abused its discretion. *Romero v.*

---

5. Unless otherwise indicated, all statutory references are to RSMo.2000.

6. Unless otherwise indicated, all rules refer to Missouri Court Rules (2003).

*Kansas City Station Corp.*, 98 S.W.3d 129, 137 (Mo.App. W.D.2003). "The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration." *Howell*, 44 S.W.3d at 877. (internal quotation marks and citation omitted).

### III. LEGAL ANALYSIS

Because Mr. Seldomridge was not directly employed by GMI, this case centers on whether he is a statutory employee. If he is a statutory employee, then his sole remedy is under the Act. *Romero*, 98 S.W.3d at 137. If he is not a statutory employee he may pursue his claims against GMI under common law. Section 287.040 defines a statutory employee and creates an exception to this status:

> 1. Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.
>
> \* \* \* \* \* \* \* \* \*
>
> 3. The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor....

Section 287.040 was adopted to prevent employers from circumventing the requirements of the Act by hiring independent contractors to do work that the employer would otherwise have its own employees perform. *Bass v. Nat'l Super Mkts.*, 911 S.W.2d 617, 619 (Mo. banc 1995).

### A. Whether GMI was Required to Plead and Prove the Improvements Exception

■ Mr. Seldomridge asserts that for GMI to plead the statutory employer defense, it must plead the inapplicability of the improvements exception contained in section 287.040.3. Mr. Seldomridge maintains that GMI did not do so, and the motion to dismiss should not have been granted. He further asserts that since the circuit court did not find the improvements exception inapplicable, its judgment should be vacated.

■ In reviewing the motions filed in the circuit court, nowhere does Mr. Seldomridge allege that GMI failed to plead that the improvements exception did not apply. Because Mr. Seldomridge did not raise this issue in the circuit court, it cannot be considered now. If an issue is not presented to the circuit court, then that issue is not preserved for appellate review. *Smith v. White*, 114 S.W.3d 407, 420 (Mo. App. W.D.2003).

Mr. Seldomridge attempts to avoid this problem by claiming that the circuit court had an obligation to resolve the question of the application of the improvements exception, even if he did not raise it. But there is no Missouri case law imposing such an obligation on the circuit court.

Because this issue was not preserved, we do not address it.

### B. Mr. Seldomridge Fits within the Improvements Exception

■ Mr. Seldomridge also asserts that he is within the improvements exception contained in section 287.040.3.[7]

Although a statutory employee's exclusive remedy is found under the Act, the

---

7. GMI asserts that this argument cannot be considered because it was raised in Mr. Sel-

domridge's second point relied on but only discussed under his first point relied on. But

Act does not apply to "the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor...." § 287.040.3. When a person is hurt while working on an improvement, section 287.040 does not apply and the circuit court errs in dismissing the common law cause of action. *James v. Union Elec. Co.*, 978 S.W.2d 372, 376 (Mo.App. E.D.1998). An improvement is a "permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs ... Additionally, a component of an improvement is considered an improvement." *Id.* (internal quotation marks and citations omitted).

The expansion that was designed and built by Stellar Group is clearly an improvement; it enhanced the value of the facility in Joplin, making it more useful or valuable, and required the expenditure of labor and money. The compressor was installed as a part of this expansion, and the compressor is a component of the improvement and is an improvement by itself.

Since the compressor is an improvement, the language of the statute alone is sufficient to find that Mr. Seldomridge is within the improvements exception. He was repairing the compressor, and section 287.040.3 states that the Act does not apply when improvements are being repaired. The fact that the improvement was already completed when Mr. Seldomridge was performing the warranty repair on it does not change this; he was still repairing an improvement. *Id.* at 376 (holding that the circuit court erred in

dismissing plaintiff's claim for lack of subject matter jurisdiction because repair of a line on a utility pole is the repair of an improvement—the utility pole was an improvement to the land—so the exception was triggered).

Further, when looking at the circumstances as a whole, the warranty repair work was part of the entire contract between Stellar Group and GMI for the expansion to the facility. GMI did not contract with Stellar Group purely to provide "ordinary repair" services or maintenance for the compressors. GMI contracted with Stellar Group to design and build the expansion. The warranty was provided as a part of that contract and for a limited time after the contract was completed. This does not suggest that either party contemplated a long-term relationship, rather it simply provided a guarantee on Stellar Group's work. A one-year guarantee seems very reasonable. So any work done based on that guarantee is still a part of the improvements made by Stellar Group. *See Murphy v. Kingsland Inv. Co.*, 400 S.W.2d 69, 71–72 (Mo.1966) (stating that when viewed in its entirety, an independent contractor's work to repair loose and broken concrete on porches, balconies, and sidewalks and to paint the exterior was repair work within the exception).

Because we decide that Mr. Seldomridge fits within the improvements exception of section 287.040.3, we do not decide whether he is a statutory employee under section 287.040.1.

## C. Any Dismissal must be without Prejudice

■ As an important final note, we must address the fact that the circuit court dismissed Mr. Seldomridge's claim "with prejudice." A dismissal for lack of subject

we find that his first point relied on sufficiently raises the argument that he fits within the improvements exception; therefore, we can

consider this argument under his first point. As a result, it does not matter that he did not discuss this argument under his second point.

matter jurisdiction must be without prejudice because the court has no authority to decide the case on the merits. *Shaver*, 713 S.W.2d at 300. *See also, State ex rel. J.E. Jones Constr. Co. v. Sanders*, 875 S.W.2d 154, 157 (Mo.App. E.D.1994) (in a motion to dismiss for lack of subject matter jurisdiction, "the trial court decides only the preliminary question of its own jurisdiction, which is not a decision on the merits and is without res judicata effect"). So even if we had affirmed the circuit court, we still would have remanded the case so the circuit court could change its order to a dismissal without prejudice.

## VI. CONCLUSION

The circuit court abused its discretion in granting GMI's motion to dismiss for lack of subject matter jurisdiction. The improvements exception clearly applies to this case; so even if Mr. Seldomridge was a statutory employee, the Act would not apply to him. Therefore, this case is reversed and remanded.

LISA WHITE HARDWICK, P.J., and PAUL M. SPINDEN, J., concur.