**STATE ex rel. TRI–COUNTY ELECTRIC COOPERATIVE ASSOCIATION, Relator,**

v.

**The Honorable Gary DIAL, Respondent.**

**No. SC 87279.**

Supreme Court of Missouri, En Banc.

May 30, 2006.

---

Terry M. Evans, Smithville, Andrew J. Sporleder, Erwin L. Milne, Jefferson City, for Relator.

Mark P. Dupont, Dupo, IL, J. Jay Benson, Kirksville, for Respondent.

## ORIGINAL PROCEEDING
## IN PROHIBITION

WILLIAM RAY PRICE, JR., Judge.

Gary and Martha Watson brought a wrongful death claim against Tri–County Electric Cooperative Association and Bobby Newland for the death of their son, Steven Watson. Steven was killed during a repair of Tri–County's electrical line on August 4, 2004. Tri–County and Newland moved for dismissal on the basis of workers' compensation. The trial court overruled both motions, and the appellate court denied both writ applications. This Court issued a preliminary writ of prohibition regarding Tri–County, which is now made absolute.

## I. Factual Background

Steven Watson was killed while working as a lineman/journeyman for Tri–County. On August 4, 2004, Steven was called at home to assist Newland repair lines near Flax Trail Road off Highway FF in Putnam County. Newland was Steven's supervisor. Upon arrival at the repair site, Steven climbed the electric pole without proper protection and was killed when he touched the wires. He had been employed by Tri–County for ten years.

Steven's parents brought a petition for damages alleging wrongful death against Tri–County and Newland. That petition indicates that "Watson was at all relevant times mentioned employed by Defendant Tri–County, and his duties as an employee included maintaining and repairing Defendant Tri–County's power lines." Tri–County and Newland filed a joint motion to dismiss for lack of subject matter jurisdiction. The motion asserted that exclusive jurisdiction was vested in the Labor and Industrial Relations Commission, Division of Workers' Compensation. The court overruled the motion to dismiss, and Tri–County and Newland filed a petition for a writ of prohibition with the court of appeals. The petition was denied. Subsequently, a petition for a writ was filed in this Court by both Tri–County and Newland. This Court denied the writ as to Newland, but granted a preliminary writ of prohibition as to Tri–County.

## II.  Workers' Compensation Law

■ "The Worker's Compensation Law is wholly substitutional in character and ... any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable." *Killian v. J J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991) (citing *Jones v. Jay Truck Driver Training Center, Inc.*, 709 S.W.2d 114, 115 (Mo. banc 1986)). Section 287.120 provides,[1] in relevant part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. . . .

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

■ Before workers' compensation was created in 1925, "workers who filed negligence actions against their employers were frequently barred from recovery by the common law doctrines of assumption of the risk, contributory negligence and the employer's non-liability for the acts of third parties." *Vatterott v. Hammerts Iron Works, Inc.*, 968 S.W.2d 120, 121 (Mo. banc 1998) (citing *Bass v. Nat'l Super Markets, Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995)).

"Innumerable decisions indicate that the law is intended to enable an injured employee to recover compensation and to do away with the common law defenses and disabilities." *Bethel v. Sunlight Janitor Service*, 551 S.W.2d 616, 618 (Mo. banc 1977). "[T]he Commission has exclusive jurisdiction in the first instance as to matters covered by the Workers' Compensation Act, and if the Commission issues an award, judicial review proceeds directly to the appellate courts." *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6, 9–10 (Mo. banc 1992).

### III.  The "Something Extra" Exception

■ Watson's parents claim that this case is removed from the exclusive jurisdiction of the workers' compensation law because Newland did "something extra" beyond a breach of general supervision. This Court has held that "[t]he employer has a nondelegable duty to provide a reasonably safe place to work. Suits for breach of this duty are excluded by the workers' compensation law." *Kelley v. DeKalb Energy Co.*, 865 S.W.2d 670, 672 (citations omitted). In *Kelley*, this Court went on to hold that "an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's responsibility to provide a safe workplace." *Id.* In *State ex rel. Taylor v. Wallace*, this Court further expounded on *Kelley*, as follows:

The Workers' Compensation Law provides the exclusive remedy against employers for injuries covered by its provisions. This immunity from suit extends to employees of the exempt employer, albeit in a more limited fashion. Suits against employees personally for breach of the duty to maintain a safe working environment are preempted by the

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

workers' compensation remedy: "However, an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's responsibility to provide a safe workplace."

73 S.W.3d 620, 621–22 (Mo. banc 2002) (citations omitted). The "something extra" exception set out in *Kelley* applies only to a co-employee and not to the employer. As to the employer, the only two questions to determine whether workers' compensation applies are whether the injured person was an employee and whether the injury occurred "by accident arising out of and in the course of … employment." Sec. 287.120.

█ The petition admits that Watson was an employee of Tri–County, that his duties included repairing Tri–County's electric lines, and that he was killed while repairing those lines. Any rights against Tri–County arising directly from Steven's death belong within the exclusive jurisdiction of the Labor and Industrial Relations Commission pursuant to the workers' compensation law.

### IV. Intentional Acts Exception

█ The Watsons claim that this case falls outside the scope of the workers' compensation law if the injury was the result of an intentional act by Tri–County. This is because the language of the statute specifies that workers' compensation only applies to accidents. Sec. 287.120. This, however, is an issue that is to be determined by the Labor and Industrial Relations Commission, and not by the courts. In *Killian,* this Court held: [T]he question whether … "[the] injuries were the product of an accident or of an intentional act by the employer lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission. Neither the trial court nor this Court can make that deter-

mination." *Killian v. J J Installers, Inc.,* 802 S.W.2d 158, 161 (Mo. banc 1991) (citations omitted).

### V. Constitutionality of Workers' Compensation

The Watsons also claim that the workers' compensation law is unconstitutional if it precludes them from seeking relief against Tri–County for Newland's alleged conduct. They base this claim on article I, section 14 of the Missouri Constitution, which provides: "the Courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay."

█ "Article I, [section] 14 does not create rights, but is meant to protect the enforcement of rights already acknowledged by law. The right of access means simply the right to pursue in the courts the causes of action the substantive law recognizes." *Goodrum v. Asplundh Tree Expert Co.,* 824 S.W.2d 6, 9 (Mo. banc 1992) (citations omitted). The Watsons acknowledge that the jurisdiction of the Labor and Industrial Labor Commission to determine an employer's breach of common law duties does not violate this clause. While, traditionally, the common law may have provided a remedy against an employer, as suggested by the Watsons, "any rights which a plaintiff might have had at common law have been supplanted and superseded by the [workers' compensation] act." *Killian v. J J Installers, Inc.,* 802 S.W.2d 158, 160 (Mo. banc 1991). In *Goodrum,* this Court held: "[W]e find that [section] 287.120 … is an exercise of legislative authority rationally justified by the end sought, and hence valid against the contention made here." 824 S.W.2d at 10 (citing *Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503, 510 (Mo. banc

1991)). The legislature has replaced any common law remedy that the Watsons may have had against Tri–County with the remedies provided by workers' compensation.

### IV. Conclusion

The Labor and Industrial Relations Commission has exclusive jurisdiction over the claims against Tri–County resulting from this accident. The writ of prohibition is made absolute.

All concur.